# DANIEL HARVEY *v.* NATIONAL LIFE INSURANCE CO.

## *Usury.*

1. In 1873 the plaintiff executed a mortgage on his farm to secure his note given to the defendant for $1000 payable in five years with interest; and upon receipt of the note and mortgage the defendant counted out to the plaintiff $1000 and then took from the sum $100, being the usury agreed upon. The note was paid in 1879 by one who had purchased the premises and assumed its payment as a part of the purchase; *Held,* that the counting out the $1000 was a mere device; that the $100 entered into and became a part of the note; that the payments made by the plaintiff and those by the purchaser were to be applied in liquidation of the legal portion of the debt; and as the suit was commenced within six years from the payment of the note, the Statute of Limitations was not a bar.

2. But an overcharge of $12 for examining the property offered as security, was not usury; and the money thus paid was due when the examination was completed, and the Statute of Limitation began to run upon it.

ACTION to recover usury. Heard on a referee's report, Chittenden County Court, September Term, 1886, TAFT, J., presiding. Judgment *pro forma* for the plaintiff to recover $232.87. Exceptions by the defendant.

It appeared that the $1000 note and mortgage were executed February 14, 1873; that the note was payable in five years from its date with annual interest; that the plaintiff paid the defendant as interest $60 on February 14, 1874, and the same in 1875; that the plaintiff sold his farm on the 14th day of June, 1875, to Catharine Hardaker, who assumed the payment of said mortgage, as a part consideration of the payment of the purchase money; that said Hardaker paid to the defendant the interest on the note at six per cent each year, and on May

14

29, 1879, she paid the principal. It was found that the $18 transaction for examination of the property was had in good faith and not intended to cover usury. The other facts are sufficiently stated in the opinion.

*Pitkin & Huse*, for the defendant.

The $18 was not usury in any view. *Smith* v. *Walf*, 55 Iowa, 555; *Hutchinson* v. *Hosmer*, 2 Conn. 341.

There was no usury in the note. The plaintiff had $1000 and paid $100 of it to the defendant, "being the usury agreed upon," and $12 overcharge for expenses. He understood that the transaction was just what it was, and slept till his rights were gone. *Davis* v. *Converse*, 35 Vt. 503; *Lamoille Co. Bank* v. *Bingham*, 50 Vt. 105; *Spaulding* v. *Davis*, 51 Vt. 77; *Wells* v. *Robinson*, 53 Vt. 202. Whatever Mrs. Hardaker paid beyond what was necessary to take up the note according to its terms was her business. There can be no recovery for any usury paid for keeping the loan on foot after February 14, 1878. Even on the basis of the judgment below, calling the sum loaned $900, the judgment should be for only $207.67.

*S. H. Davis*, for the plaintiff.

The usury paid was included in the note. Rob. Dig. 735, s. 45; *Davis* v. *Converse*, 35 Vt. 503; *Grow* v. *Albee*, 18 Vt. 540; *Nelson* v. *Cooley*, 20 Vt. 201; *Ward* v. *Whitney*, 32 Vt. 89; *Ward* v. *Sharp*, 15 Vt. 115. In this last case, REDFIELD, J., said:

"Payments made in pursuance of an usurious contract to an amount within the debt and legal interest are to be regarded as payments generally."

All that the plaintiff and Mrs. Hardaker paid prior to the last payment are to be treated as payments on the principal; so that the usury was really included in the last payment. POLAND, J., in *Ward* v. *Whitney, supra*; Ross, J., in *Wells* v. *Robinson*, 53 Vt. 202; *Phelps* v. *Bellows*, 53 Vt. 539.

Harvey *v.* National Life Insurance Co.

The plaintiff can recover all usury paid by himself and by Mrs. Hardaker. *Spaulding* v. *Davis*, 51 Vt. 77; *Reed* v. *Eastman*, 50 Vt. 67; *Low* v. *Prichard*, 36 Vt. 183. The $12 paid for expenses was usury. *Williams* v. *Wilder*, 37 Vt. 613.

The opinion of the court was delivered by

Ross, J. The parties do not disagree in regard to what is the established law of this State touching the right of the plaintiff to recover, but do disagree in regard to its application to the facts found by the referee. If from what transpired February 14, 1873, the $100 usury entered into the plaintiff's note of that date for $1000, and its payment was secured by the mortgage then executed, it is conceded by the defendant, that the plaintiff's right to recover it back did not accrue until the note was paid May 29, 1879, in which case, the Statute of Limitations had not run on his claim. But if the $100 usury was paid to the defendant February 14, 1873, the plaintiff's right of action to recover it back then accrued, and was barred by the Statute of Limitations when this action was commenced. The finding of the referee is: " Upon the receipt of the mortgage and note the defendant counted out to the plaintiff one thousand dollars, and then took from said sum, one hundred dollars, being the usury agreed upon by the parties." This falls short of finding that the $100 was delivered to and received by the plaintiff as his own money. As the result of that transaction the plaintiff went away with nine hundred dollars in money—all he had ever received from the defendant as his own money—and the defendant with the plaintiff's note for $1000. It is apparent that the counting out to the plaintiff of one thousand dollars, was no more than a device, at most. As between the parties it was not understood, nor intended, as a surrender by the defendant to the plaintiff, of the one hundred dollars and all right and title to it. Hence, the one hundred dollars usury entered into, and became a part of the mortgage note. The payments made by

the plaintiff, and by Mrs. Hardaker prior to the time of the taking up of the note, would, in law, be applied towards the payment of the legal portion of the note. The plaintiff remained holden upon the note until it was taken up. He sold the premises upon which its payment was secured. to Mrs. Hardaker, and she agreed, as a part of the purchase, to pay this note. Her payments on the note were therefore by his procurement, and out of his property which he left in her hands for that purpose. In legal effect, they are his payments made by his procurement and direction, but by the hand of Mrs. Hardaker. We do not think the excess above the interest on the sum legally due paid by her after the note fell due, stands in law differently from those made by her before that time. All the payments made by her, as well as those made by the plaintiff, up to the final payment, were, in law, to be applied towards the liquidation of the legal portion of the note. Hence, the plaintiff is entitled to recover, what was paid as the final payment of the note above what was then legally due upon the note after applying the payments made thereon in liquidation of the legal portion of the note with interest. The computations of the counsel too nearly agree to require a further computation to ascertain this sum. It is $207.67.

The twelve dollars for which recovery is claimed stands differently. It was not usury on the facts found by the referee, but money paid to an agent by the plaintiff, for going and examining the property which he was offering as security for the payment of his note. It was paid, not to the defendant, at least in the first instance, but to the agent, and if at all to the defendant, such fact is not directly found by the referee. By the arrangement, if the agent on that trip examined other properties offered as security, for which he was paid, the sum which the plaintiff paid him was to be reduced proportionally. It is found that from such other examinations, the sum should have been reduced twelve dollars. This did not in any way enter into the $1000 note, but was a debt due the plaintiff from the defendant, arising out of the arrangement for the examina-

Harvey *v.* National Life Insurance Co.

tion of the property which he offered as security. The twelve dollars became due the plaintiff as soon as the examinations made on that occasion were completed. The plaintiff's right of action to recover it then accrued, and the Statute of Limitation began to run upon it. On this view, his right to recover the twelve dollars was barred by the Statute of Limitations long before the commencement of this action. This disposes of all the questions raised by the exceptions.

The judgment of the County Court is reversed and judgment rendered for the plaintiff to recover $207.67 with interest since September 21, 1886, with his costs, except in this court, lessened by the defendant's cost in this court.