### MRS. MICAEL COX *v.* ELLEN MCINTYRE.

*Usurious interest which has been paid cannot be recovered back after the lapse of twelve months, nor can it be imputed to the original debt.*

*An order of seizure and sale cannot be enjoined on account of an unliquidated claim for damages.*

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *C. Roselius*, for plaintiff. *C. Redmond*, for the defendant. The judgment of the court was pronounced by

PRESTON, J. An order of seizure and sale was issued by the executrix of *James McIntyre*, upon a note and mortgage of *Micael Cox* for one thousand dollars, dated the 2d of July 1847, and payable one year after date. This suit

is an injunction against the order of seizure and sale. The plaintiff alleges that the note and mortgage was given for a loan, and that at the execution thereof she received but eight hundred and fifty dollars from the mortgagee, one hundred and fifty dollars having been deducted for usurious interest on the loan for one year; that when the note became due, being unable to pay it, two hundred dollars was extorted from her for its renewal for one year more; and being unable still to pay the note, the mortgagee agreed to suspend the payment six months longer, on extorting from her one hundred dollars. She alleges further, that shortly after the execution of the mortgage, she was compelled, by the threats and false representations of the mortgagee, to pay him seventy-two dollars and fifty cents on his demand of additional interest, and for notarial and lawyers fees for examining the titles and executing the act of mortgage: all of which sums, amounting to five hundred and twenty two dollars fifty cents, she alleges should be credited on the note, and that she should not be compelled to pay any interest at all on the same.

An injunction was issued to that amount against the order of seizure and sale; but, on motion to dissolve, it was maintained for only two hundred and fifty dollars, and dissolved for the balance; and the plaintiff has appealed.

The two hundred and fifty dollars for which the injunction was maintained until a trial on the merits, consisted of the $150, which the plaintiff alleged was deducted from the face of the note when the loan was made, and the $100 alleged to have been paid for the last renewal of the note.

For the trial of the rule to dissolve the injunction, the allegations in the petition are to be taken for granted; and on this supposition the injunction was clearly to be maintained for the first sum of one hundred and fifty dollars never received, but charged for usurious interest. As the defendant has not appealed, nor asked an amendment of the judgment, it becomes unnecessary to examine whether the injunction could be maintained for the last sum of $100 of usurious interest paid, especially since the act of 1844, which authorizes the recovery of usurious interest only for twelve months after it is paid.

The other sums paid on account of interest and expenses on the loan, were paid more than twelve months before the order of seizure and sale on the mortgage; and therefore could not be recovered back on account of usury alone. Acts 1844, p. 15.

It was formerly held, that usurious interest paid might be imputed by the borrower to the capital. *Dunford* v. *Bariteau*, 5 M. R. 504. But that doctrine is abandoned, and sums distinctly paid as interest cannot now be recovered back or imputed to the capital. *Cox* v. *Rowles*, 12 R. R. 278. *Millaudon* v. *Arnaud*, 4 L. R. 543. *Perrillat* v. *Puech*, 2 L. R. 431.

If, by the extortion alleged, any violence or fraud was intended, it gave rise to an action for damages, which could not be compensated against a liquidated demand by loan; and therefore the seizure and sale on such demand is not subject to an injunction on account of it. Code of Practice, 739, No. 7. *Copley* v. *Edwards*, 5th Ann. 647. *Smith* v. *Foster*, Ib. 551.

The district court rendered full justice to the plaintiff; perhaps enjoined more of the claim against her than should have been enjoined without security.

The judgment is therefore affirmed, with costs.