# WALSH v. MAYER & Others.

# MAYER & Others v. WALSH.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

Argued January 31st, February 1st, 1884.—Decided March 17th, 1884.

*Conflict of Law—Statute of Limitations—Usury.*

A negotiable promissory note made in New Orleans secured by mortgage of real estate in Mississippi, the maker being a citizen of Arkansas, and the promisee being a citizen of Louisiana, and no place of payment being named in the note, is subject to the limitation of actions prescribed by the statute of Mississippi, as the law of the forum, when suit is brought upon it in Mississippi.

In Mississippi a letter from the holder of a promissory note, the right of action on which is barred by the statute of limitations, asking for insurance on buildings on property mortgaged to secure payment of the note, and saying, "The amount you owe me on the $7,500 note is too large to be left in such an unprotected situation : I cannot consent to it"—and a written reply from the maker, saying, "We think you will run no risk in that

time, as the property would be worth more than the amount due you if the building were to burn down," is an acknowledgment of the debt within the requirements of the Mississippi statute of limitations.

When a promissory note barred by the statute of limitations is signed in their individual names by several persons forming a copartnership, and the acknowledgment in writing to take it out of the operation of the statute is signed in the partnership name, it is a sufficient acknowledgment if the note was an obligation contracted for partnership purposes, and if it can be legitimately inferred from the facts that the firm was the agent of all the makers for the purpose of the acknowledgment.

A statute prescribing a legal rate of interest, and forbidding the taking of a higher rate "under pain of forfeiture of the entire interest so contracted," and that "if any person hereafter shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within twelve months from the time of such payment," confers no authority to apply usurious interest actually paid to the discharge of the principal debt. A suit for recovery within twelve months after payment is the exclusive remedy.

A plaintiff demanding judgment on a note for $7,500, recovered only $702 ; judgment being against him as to the remainder of the claim on matter of law. He appealed. The defendant took a cross-appeal. On motion to dismiss the cross-appeal for want of jurisdiction: *Held*, That it was incident to the plaintiff's appeal ; and that appeal being sustained in part and overruled in part the whole cause was remanded.

On the 2d day of January, 1866, the defendants, J. D. Mayer & Co., purchased from William Barnes, who then resided in the city of New Orleans, and the said defendants then being residents of the State of Arkansas, the hotel property situate in Mississippi City, in this State (Mississippi), known as the Barnes Hotel, and to secure the payment of the last instalment of the purchase money, executed their promissory note for $7,500, payable two years after date, with six per cent. interest thereon until due and ten per cent. thereafter until paid, which note was made payable to themselves, and indorsed and delivered to said Barnes, who held and owned the same until about the last of June, 1874, when he sold and delivered the same for value to the complainant, Walsh.

To secure the payment of this note, and one for the same amount which fell due a year previous, and which has been paid and satisfied, the said defendants executed a mortgage upon the property so purchased and described therein, which was executed and recorded on the 20th February, 1866.

At the time when said contract was made it was agreed and understood between the parties that the deferred payments were intended by said Barnes as an investment, and that so long as the interest was paid after this note became due, the payment of the principal sum would not be demanded, and in pursuance of said agreement and understanding the said defendants paid up the interest, which was indorsed upon the note as paid, to September, 1873. Some time after the maturity of the note, Barnes, as a condition for further indulgence, demanded of the said defendants that they should execute their notes falling due at a further period for the interest up to their maturity, equal to fifteen per cent. per annum, upon the note for $7,500, and also for the amount of money advanced by Barnes to pay the premiums upon the insurance policies, with fifteen per cent. interest added. These notes were drawn in New Orleans, made payable to order, and indorsed and delivered to Barnes. The last of these notes was dated May 12th, 1874, and made due and payable on the 14th day of September thereafter. These transactions all took place prior to the transfer of the note by Barnes to complainant, but were known to complainant at the time of his purchase.

At the time of the purchase of the note, complainant wrote to the defendants, notifying them that he was the holder and owner of the note, and calling their attention to the continuance of the insurance upon the property; to this letter the said defendants replied on the 6th of July, acknowledging its receipt, but nothing more.

On December 1st, complainant mailed a letter to defendants, informing them that he needed money; that the interest had been paid to the 1st of September before, and again urging funds to provide insurance on the property; defendants replied to this letter on the 8th December, stating that they were willing to pay three months' interest, but had been served with a writ of garnishment in the suit of the First National Bank of New Orleans, in a suit by attachment brought by the bank on said Barnes in the Circuit Court of Harrison County, and therefore declined to make further payment, or for further insur-

ance, stating that they desired to have the insurance changed, and to take it at a future time.

On March 2d, 1876, complainant wrote a letter to defendants, calling their attention to the want of insurance, in which he used the following language: "I think it would not be wise for you, or safe for me, to leave things in that way; *the amount you owe me on the $7,500 note is too large to be left in such an unprotected condition, and I cannot consent to it.*"

On the 9th of March, 1876, the defendants made and sent to the complainant the following reply to the foregoing letter:

"Yours at hand, we do not want to insure any until about July, when we expect to insure for about $15,000. *We think you will run no risk in that time, as the property would be worth the amount due you if the building was to burn down.*

"(Signed)     J. D. MAYER & Co."

The suit of the Bank v. defendants was commenced in November, 1874, but owing to the death of Barnes, was continued until the 24th of October, 1876, when the defendants filed their answer to the garnishment, in which they acknowledge the execution of the note, but claim that they have paid excess of interest and usurious interest thereon, which should be deducted from the note, and which when done would only leave a balance of $2,509.76, and which was owing to said William Barnes, but claimed the benefit of the statute of limitations, and which they set up as an entire defence to the said note, and upon which the suit was dismissed as to them.

After this, by an arrangement between them and the bank, they gave their note to the bank for the said sum of $2,509.76, at four years, with 6 per cent. interest, but this was done with the condition that if the complainant recovered on said note for $7,500 the bank was not to collect the note so executed to it.

The bill set up these facts and prayed for an account, and that the defendants might be decreed to pay the sum found due, and enjoined from pleading the statute of limitations and that the mortgage might be enforced.

The answer, among other defences, set up usury and the

statute of limitations, and denied that the correspondence took the notes out of the statute.

The court decreed the enforcement of the lien to the extent of $702.69, the amount remaining due on the note after deducting the usurious interest under the statutes of Louisiana. From this decree the plaintiff appealed, and the defendants took a cross-appeal.

*Mr. W. Hallett Phillips* for Walsh.

*Mr. C. W. Hornor* for Mayer and others.

Mr. JUSTICE MATTHEWS delivered the opinion of the court. After reciting the facts in the foregoing language, he continued.

Two questions arose on the facts; first, whether the bar of the statute of limitations was prevented by a sufficient acknowledgment or promise by the defendants as makers of the note; and second, whether the usurious interest paid by them could be applied in reduction of the principal debt.

The Circuit Court rightly held that the statute of limitations of Mississippi, being the law of the forum, was the one applicable to the case. Section 2161 of the Revised Code of Mississippi, 1871, provides that actions on promissory notes must be brought within six years after cause of action accrued; and section 2165 declares that in actions founded on contract no acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take any case out of the provisions of the limitation act, or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby. We agree with the Circuit Court in the conclusion that the two letters of March 2d and March 9th, 1876, contain such a definite recognition and acknowledgment of the debt due on the note in suit as meets the requirement of the statute. The letter of March 9th, it is true, is signed by J. D. Mayer & Co., in their partnership name, while the note is made by the individual members; but it is a legitimate inference, from the facts found, that the firm was the common agent of

all its members for the purpose, as the business of managing the property was transacted by the firm. It was indeed for the purpose of owning and conducting the hotel that the partnership was formed, and the note, though in form that of the individual partners, was regarded as a partnership obligation.

Upon the question of the application of the illegal interest paid in reduction of the principal, the Circuit Court held that the contract, as to interest, was governed by the law of Louisiana; that by the terms of that law, Rev. Stat. 269, " the amount of conventional interest shall in no case exceed eight per cent. under pr n of forfeiture of the entire interest so contracted," and that, " if any person hereafter shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within twelve months from the time of such payment." By the Mississippi Code, 1871, § 2279, the legal rate of interest is fixed, in the absence of contract, at six per cent. per annum; " but contracts may be made in writing for the payment of a rate of interest as great as ten per cent. per annum. And if a greater rate of interest than ten per cent. shall be stipulated for in any case, such excess shall be forfeited on the plea of the party to be charged therewith."

The Circuit Court held that the whole interest paid being avoided by the Louisiana statute, a court of equity would impute its payment to the principal debt, and rendered a decree accordingly, deducting the whole amount of interest paid from the face of the note. In the view we take, it does not become necessary to decide whether the contract ought to be governed by the law of Louisiana or that of Mississippi; for we are of opinion that the decree, in this particular, is erroneous according to either.

It is not claimed that there is any express provision in the Louisiana statute that requires such an application of payments made on account of unlawful interest. It is rested altogether upon the provision that forfeits the whole interest paid, and authorizes the debtor to recover it back within the time limited. But the same provision is contained in sec. 5198 Rev. Stats. of the United States, in reference to national banks; under which

it has been held that usurious interest actually paid cannot be applied to the discharge of the principal. *Driesbach* v. *National Bank*, 104 U. S. 52; *Barnet* v. *National Bank*, 98 U. S. 555. In *Cook* v. *Lillo*, 103 U. S. 792, the Louisiana statute was considered, and, upon the decisions of the Supreme Court of the State, it was decided that the usurious interest cannot be reclaimed, nor be imputed to the principal, unless a suit for its recovery is begun or plea of usury set up to the claim within twelve months after the payment is made. *Cox* v. *McIntyre*, 6 La. Ann. 470; *Weaver* v. *Maillot*, 15 La. Ann. 395.

It is said, however, that the law of Louisiana applies and governs, so far as it allows the forfeited interest to be applied in reduction of the principal, in an action on the note, but that the limitation of time, within which by that law the right must be exercised, being part of the remedy merely, is governed by the law of Mississippi, being the law of the forum, which contains no such limitation.

But the right claimed under the law of Louisiana must be taken as it is given, and is not divisible. The provisions requiring it to be asserted in a particular mode and within a fixed time, are conditions and qualifications attached to the right itself, and do not form part of the law of the remedy. If it is not asserted within the permitted period, it ceases to exist and cannot be claimed or enforced in any form. It was accordingly held in *Pittsburg, &c., Railroad Company* v. *Hine's Adm'x*, 25 Ohio St. 629, under an act which required compensation to be made for causing death by wrongful act, neglect, or default, and gave a right of action, provided such action should be commenced within two years after the death of such deceased person, that this proviso was a condition qualifying the right of action, and not a mere limitation on the remedy. *Bonte* v. *Taylor*, 24 Ohio St. 628; *Pritchard* v. *Norton*, 106 U. S. 124.

We are therefore of opinion that the Circuit Court erred in not rendering a decree in favor of the complainants below for the amount of the note, with lawful interest from the date up to which interest had been paid.

We have disposed of the case upon both appeals. The motion to dismiss the cross-appeal of the defendants below, for

want of jurisdiction, on the ground that the amount in contro-
versy is less than $5,000, is overruled. The cross-appeal, it is
true, is from a decree awarding against the defendants below
less than that amount, and it could not, therefore, be maintained
by itself; but the appeal of the plaintiffs below, to which it is
incident, opened the whole controversy here, so far as they
were concerned, and that of the defendants must be allowed to
have the like effect as to them, so that upon both appeals the
case was brought up as it stood for hearing in the court below,
the claims of the respective parties involving the question of
liability as to the whole amount.

*The decree is reversed and the cause remanded with directions
to render a decree for the complainants below in conformity
with this opinion.*