## CARTER v. CARUSI & Another, Executors.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued November 24, 25, 1884.—Decided December 15, 1884.

The provision in § 715 Rev. Stat. District of Columbia, that a lender contracting to receive an illegal rate of interest, shall forfeit all such interest, and shall be entitled to recover only the principal sum, applies only to cases in which the illegal interest has been contracted for, but has not been paid.

The remedy given by § 716 Rev. Stat. District of Columbia to recover back unlawful interest actually paid is exclusive.

It is not error in a charge to make no reference to an issue raised by a plea, but unsupported by proof.

Failure to instruct a jury upon an issue raised by a plea cannot be assigned as error, if the court below was not requested to charge the jury upon that issue.

The Revised Statutes of the United States relating to the District of Columbia provide as follows:

"§ 715. If any person or corporation shall contract to receive a greater rate of interest than ten per cent. upon any contract in writing, or six per cent. upon any verbal contract, such person or corporation shall forfeit the whole of the interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation.

"§ 716. If any person or corporation within the District shall directly or indirectly take or receive any greater amount of interest than is provided for in this chapter upon any contract or agreement whatever, it shall be lawful for the person, or his personal representative, or the corporation paying the same, to sue for and recover all the interest paid upon any such contract or agreement from the person or his personal representatives or from the corporation receiving such unlawful interest; but the suit to recover back such interest shall be brought within one year after such unlawful interest shall have been paid or taken."

The transactions out of which the cause of action in this case and the defences thereto arose, occurred in the District of Columbia while these sections were in force.

The suit was brought October 16, 1878, by the defendants in error, executors of Nathaniel Carusi, deceased, against Carter, the plaintiff in error, as indorser upon a note, dated May. 29, 1873, made by Joseph Daniels, for the payment to Carter of $4,000 three years after date, with interest at the rate of eight per cent. per annum.

Carter filed six pleas, the first five of which only it is material to notice. The first two pleas were, in substance, the general issue. ..

The third plea averred that the plaintiffs ought not to recover $992 of the amount of the note sued on, with the interest on said sum, because Carusi, the testator, after becoming the owner of the note, made, on February 4, 1876, a verbal agreement with Daniels, the maker, by which he contracted to receive from Daniels interest at the rate of ten per cent. per annum, payable quarterly, upon the full amount of the principal and interest due on the note at its maturity, to wit, $4,960, and, in pursuance of such agreement, did, between February 4, 1876, and January 1, 1878, receive, as illegal interest, eight payments of $124 each, amounting to $992.

The fourth plea was similar to the third, except that it averred that the instalments of illegal interest were paid, some to Carusi, the testator, in his lifetime, and the others, after his death, to the plaintiffs.

The fifth plea averred that the defendant was only liable on the note as indorser; that on June 1, 1876, Carusi, the testator, in consideration of the promise of Daniels, the maker, to pay usurious interest of ten per cent. on the note, in quarterly instalments of $124 each, agreed to extend, and did extend, the time of payment from quarter to quarter as long as Daniels paid the quarterly instalments of usurious interest, and that. Daniels paid said quarterly instalments until January 1, 1878, and that the extension of the time for the payment of the note was agreed to by Carusi without the consent of the defendant Carter.

Issue was taken on the pleas, and upon the trial in special term the jury returned a verdict for the plaintiffs, upon which the court rendered judgment. The case was carried, by writ

of error, to the Supreme Court of the District of Columbia, in general term, by which the judgment of the court in special term was affirmed. The writ of error in this case brought up that judgment for review.

It appeared by the bill of exceptions taken upon the trial that the making and indorsing of the note having been admitted by the counsel for the defendant, the plaintiffs gave evidence tending to prove that demand for payment thereof was duly made upon the maker, and notice of the dishonor was duly given by the plaintiffs to the defendant, and the plaintiffs rested.

Thereupon the defendant gave evidence tending to prove that Carusi, the testator, in his lifetime, and his executors, after his death, received, after the maturity of the note sued on, from Daniels, the maker, in quarterly instalments, interest thereon down to September 1, 1877, at the rate of ten per cent. per annum, calculated upon the amount of principal and interest due on the note at maturity, and that such instalments amounted to $621.10, but that the payments were not made in pursuance of any contract, verbal or written, between Carusi, the testator, and Daniels, or the plaintiffs and Daniels.

Thereupon the plaintiffs introduced evidence tending to show the following facts: "That Joseph Daniels, the maker of the note sued on, had, in or about the month of January, 1876, negotiated a loan of $10,000 from" Carusi, "the testator," of the plaintiffs, upon which he agreed to pay interest quarterly at the rate of ten per cent. per annum, and to secure which he offered to execute a deed of trust on certain property in the city of Washington.

This property was encumbered by a deed of trust made by Daniels to secure the note sued on, and two others of the same date, made also by him, for $4,000 each, payable to Carter, the first in one and the other in two years. Carusi, learning that the property was thus encumbered, declined to lend the money until the encumbrances were removed; but Daniels promising to do this, and urging Carusi "to hold said negotiation open" until he could do it, the $10,000 was "deposited in bank" by Carusi "and reserved for Daniels."

Carter being still the holder of the second and third notes executed to him by Daniels, and the second being now over-due, threatened to sell the real estate covered by the deed of trust given to secure them. Thereupon, as a temporary ex-pedient to relieve Daniels, Carusi, the testator, agreed to purchase the third note which had not matured, and the de-fendant Carter agreed to extend the time for the payment of the second note. The third note, which is the one sued on in this case, was purchased accordingly before maturity by Carusi, and was indorsed by Carter, the payee, who received therefor from Carusi, $4,853, that sum being the principal with the interest due thereon at the date of its transfer. Daniels volun-tarily offered to pay interest at the rate of ten per cent. per an-num on the amount both of principal and interest due on the note at maturity, that amount being $4,960, but Carusi de-clined to receive the same without first obtaining the consent of the defendant thereto, and he communicated to the defend-ant the offer of Daniels to pay interest as aforesaid, and the defendant consented that Carusi might receive the same, and no payment of interest by Daniels was received by the plain-tiffs without their first having obtained the consent of Carter thereto. The plaintiffs further gave evidence tending to prove that there was no agreement between them or their testator and Daniels for indulgence or extension of time for payment of the note, or for forbearance to sue thereon.

Upon this state of the pleadings and evidence the defendant requested the court to charge the jury:

*First.* That if either the third or fourth plea was proven, their verdict should be for $4,000, the principal of the note, less whatever amount the jury might regard as proven to have been paid by Daniels in the nature of interest to the testator or to the plaintiffs.

*Second.* That if the jury found that either the testator or the plaintiffs at any time after the maturity of the note in suit received interest thereon at a greater rate than six per cent. per annum, the receipt of such interest was illegal and would prevent the plaintiffs from recovering more than the principal of the note, less all amounts of interest paid on account of it.

The court refused these charges, and instructed the jury that the only remedy for the recovery of money paid for interest in excess of the interest allowed by law was suit brought, under § 716 of the Revised Statutes of the District of Columbia, within one year, and that the prohibition contained in § 715 of the Revised Statutes of the District of Columbia applied exclusively to cases in which illegal interest had been contracted for but not paid.

The errors assigned were the refusal of the court to give the instructions prayed for by the defendant, and the instructions given by the court.

*Mr. H. O. Claughton*, for plaintiff in error.

*Mr. Walter D. Davidge*, for defendants in error.

MR. JUSTICE WOODS delivered the opinion of the court. He recited the facts as above stated, and continued:

We are of opinion that there is no error in the charges given or in the refusal to charge as requested. The sections of the Revised Statutes relating to the District of Columbia were correctly construed by the court. Their meaning is plain. § 715 provides for the case where the party contracts to receive a greater rate of interest than ten per cent. upon a written and six per cent. upon a verbal contract, and declares that he shall forfeit the whole interest so contracted to be received, and shall recover only his principal debt. The evidence tended to show that the payment by Daniels to Carusi, the testator, of ten per cent. interest was voluntary, and that there was no contract for its payment or agreement for indulgence or extension of time for payment on account thereof. It is plain that under this section the plaintiff in error was not entitled to the charges requested by him.

§ 716 provides for the recovery, by the person who has paid a greater rate of interest than is allowed by law, upon any agreement or contract, of all interest paid on such contract or agreement, provided he brings suit to recover the same within one year after the unlawful interest shall have been paid. This

section, it is also clear, brings no aid to the plaintiff in error. This is not a suit to recover back usurious interest paid, but to enforce the collection of the note upon which it is contended the usurious interest was received. The plaintiff in error did not pay the unlawful interest, but it was paid by Daniels, and it was paid by him more than a year before this suit was brought, and more than a year before the defence set up by the plaintiff in error. If Daniels himself, who paid the alleged usurious interest, had brought a suit to recover it back, his action would have failed, because not begun within the time prescribed by the statute. The plaintiff in error, therefore, who has paid no interest, legal or illegal, is in no better position, at least, than Daniels, and cannot set up the provisions of § 715 in his defence. Under neither section is the plaintiff in error entitled to any relief.

His counsel, however, contend that, if he is not entitled to relief under the statute, his common-law right to reclaim or set-off usurious interest paid still remains to him.

But this court has repeatedly decided against this contention of the plaintiff in error. In *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29, the court declared that the penalty imposed on a national bank for taking a greater rate of interest than that allowed by the national banking act, was the loss of the entire interest, and that no loss of the entire debt was incurred by the bank as a penalty by reason of the provisions of the usury law of a State.

So in *Barnet* v. *National Bank*, 98 U. S. 555, it was held that in a suit by a national bank against the parties to a bill of exchange discounted by it, the assignees of an acceptor could not, having intervened as parties, set up, by way of counter-claim or set-off, that the bank knowingly took and was paid a greater rate of interest thereon than that allowed by law, but that, the national banking act having prescribed as a penalty for the taking of such unlawful interest that the person paying the same might, in an action of debt against the bank, recover back twice the amount so paid, he could have redress in no other form or mode of procedure.

So in *Driesbach* v. *National Bank*, 104 U. S. 52, it was held

that usurious interest paid to a national bank on renewing a series of notes, of which those in suit were the last, could not be applied in satisfaction of the principal of the debt. See also *Cook* v. *Lillo*, 103 U. S. 792, and *Walsh* v. *Mayer*, 111 U. S. 31. In the case last cited it was held generally that a statute which prescribes a legal rate of interest, and forbids the taking of a higher rate, under penalty of a forfeiture of the entire interest, and declares that the party paying such higher rate of interest may recover it back by suit brought within twelve months, confers no authority to apply the usurious interest actually paid to the discharge of the principal debt, and that a suit for its recovery, brought within twelve months, was the exclusive remedy.

There was, therefore, no error in the refusal of the court to charge as requested or in the charge given.

It is further assigned for error that the court neglected to give the jury any instruction upon the issue raised by the fifth plea, the plaintiff in error contending that there was evidence to support that plea, and that the court, though not requested, should have submitted to the jury the issue of fact raised by the plea. We look in vain through the record to find any evidence that would have justified the jury in returning a verdict for the defendant on the fifth plea. On the contrary, the evidence tended strongly to disprove it. The court might, therefore, without injustice to the defendant, have withdrawn from the jury the consideration of the fifth plea. *Parks* v. *Ross*, 11 How. 362, 373; *Hickman* v. *Jones*, 9 Wall. 197; *Pleasants* v. *Fant*, 22 Wall. 116; *Commissioners of Marion County* v. *Clark*, 94 U. S. 278.

But even if there had been evidence to support the plea, as it does not appear that the court was requested to charge the jury upon the issue raised thereby, the failure of the court to do so cannot be assigned for error. *Express Co.* v. *Kountze*, 8 Wall. 342.

We find no error in the record.

*The judgment of the Supreme Court of the District of Columbia is affirmed.*