## McELHONE

*v.*

# THE MASSACHUSETTS BENEFIT ASSOCIATION.

LIFE INSURANCE; FORFEITURE OF POLICY; LIMITATION OF RIGHT
TO SUE ON POLICY.

1. Time is of the essence of a contract of life insurance; and the sickness of an insured person and his incapacity to attend to business upon the receipt of a notice requiring the payment of an assessment, is not sufficient excuse for failure to pay the assessment within the time prescribed by the policy, or ground for avoiding the forfeiture of the policy, or for granting relief in equity against such forfeiture.

2. A provision in a contract of insurance limiting the right to bring suit thereon to one year from the date of the death of the insured, is binding upon the beneficiary; and in a suit upon such a contract, this limitation need not be specially pleaded where the conditions of the contract are set out in the declaration.

No. 160.   Submitted January 5, 1894.—Decided February 6, 1894.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia, holding a law term, sustaining a demurrer to a declaration in a suit on a policy of life insurance. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an action on a policy of insurance on the life of John J. McElhone, who died on the 17th of June, 1890, and the suit was instituted on the 23d of May, 1892, by the widow of the deceased, the beneficiary named in the policy.

The declaration is peculiar, and in some respects informal, but it seems to have been framed with a view of presenting all the facts of the case, so that the questions involved could be raised by a demurrer to the declaration, and thus avoid the necessity of amplifying the pleading, or the making of issues and the production of proof.

The declaration makes the policy, and all the conditions and rules therein set forth, a part of the case stated by it.

By the policy, the conditions and rules of the association were made part of the contract of insurance, and were incorporated in the policy as parts of the contract by express stipulation. The association agreed to pay, in ninety days after there should be furnished satisfactory proof of a valid claim under the contract, consequent upon the death insured against, etc., to Mary M. McElhone, the widow, if living, etc., the sum of two thousand dollars.

The policy, by its seventh condition, provides that assessments should be paid bi-monthly on the first business day of January, March, May, July, September and November of each year; and "if said assessments are not paid as above, within thirty days of each of the above named dates, respectively, it shall be accepted and taken *as conclusive evidence* that the party has decided to terminate his connection with the association, which connection shall thereupon terminate, and the party's *contract with the association shall lapse and be void, and all rights thereunder be forfeited to the association.*"

By the eighth condition, it is provided that "in case of the lapse of this policy, the holder thereof may again renew his connection with the association by a *new contract* made in the same manner as at first; or he may be reinstated by the officers of the association, *if in good health, for reasons satisfactory to them,* and upon such conditions as they may require. But such renewal of this contract, or reinstatement, shall not operate as, or be treated or construed to be, a waiver of any of the terms, conditions or requirements of this contract."

And by the twelfth condition it is provided, that no suit shall be brought under the contract or policy, "unless commenced *within one year from the death of the member to whom it is issued,* it being an express condition hereof that all rights of action hereunder are limited to said period of one year."

It is shown by the averments of the declaration, that the assessment due, by the terms and conditions of the policy, on

the first day of May, 1890, was not paid, nor was tender of payment of such assessment made within the time prescribed; nor was tender made of such assessment at any time until after the death of McElhone, the assured, although notice of such assessment was mailed to and received by the assured (though not seen by him by reason of sickness), in time to enable him to have paid the assessment, or make tender thereof, within the terms of the contract. After the death of the assured, the widow, the present plaintiff, made tender of the assessment, and claimed the amount of the policy.

The defendant demurred to the declaration, and the demurrer was sustained, and judgment rendered thereon for the defendant. It is from that judgment that this appeal was taken, and which has been transferred from the general term of the Supreme Court of this District to this court, under the act of Congress of February 9, 1893.

*Mr. Joseph K. McCammon* and *Mr. James H. Hayden* for the appellant:

1. The excuse of the decedent for not paying the assessment was a sufficient one, and, taken with the tender of the amount of the unpaid assessment by the appellant, his widow and beneficiary, and the furnishing of the proofs of the death of decedent, continued the policy in force. *Dennis* v. *Mass. Benefit Assn.*, 120 N. Y., 496; *Phoenix Ins. Co.* v. *Doster*, 106 U. S., 30.

2. It is set forth in the declaration, that on the day when the unpaid assessment became due the defendant directed a second notice of assessment to the decedent, which bore the endorsement, " Certificate forfeited for non-payment; may be renewed by immediate payment, if in good health "; but he did not receive this notice for the reason above set forth. And, again, after the death of the insured, the defendant directed a letter to him, in which it recognized the conditional life of the policy.

This indicates clearly that it was not the purpose of the

contracting parties to provide for an absolute forfeiture in case of the failure of the insured to pay an assessment *ad diem*. It is also clear that the officers of the defendant acted within the authority conferred upon them in recognizing the conditional life of the policy, after the assessment became due and remained unpaid. So that even if the defendant had been entitled to declare the policy forfeited for non-payment *ad diem*, in spite of the affliction of the insured, *the right to do so was waived, and the defendant is estopped from denying the right of the insured to reinstatement*. *Ins. Co.* v. *Norton*, 96 U. S., 234; *Phoenix Ins. Co.* v. *Doster, supra; Dennis* v. *Mass. Benefit Assn., supra.*

3. Advantage cannot be taken of a contractual limitation by demurrer, but it should be pleaded in defeasance of the action. *Barber* v. *F. & M. Ins. Co. of Wheeling*, 16 W. Va., 658, 659, 660, 672, and 673; .*Weaver* v. *B. & O. R. R. Co.*, Wash. Law Reporter, Vol. XXI, No. 8, 179, 182.

The contractual limitation, contained in the twelfth section of the conditions and rules upon which the policy was issued, being in derogation of the beneficiary's right, must be construed strictly. Although the language of the section indicates that the insurer endeavored to provide that the limitations should commence to run from the time of the happening of the loss insured against, yet this must be held to mean from the time when a right of action accrued under the said policy. Cook on Life Insurance, p. 221 (note 2); *Barber* v. *F. & M. Ins. Co. of Wheeling*, 16 W. Va., 658, 679; *Matt* v. *Iowa Mutual Aid . Assn.*, 81 Iowa, 135; *Hay* v. *Star Fire Ins. Co.*, 77 N. Y., 235, 241-244.

A cause of action accrued upon the policy by virtue of the plaintiff's demand for payment of the benefit, and defendant's failure to pay the same; but the time when it accrued is not stated in the declaration. It was not incumbent upon the plaintiff to anticipate and answer a matter of defense by setting forth that suit had been brought within the period of limitation; it was sufficient to make out a *prima facie* case, which has been done. *Hammer* v. *Kauffman*, 2 Bond, 1.

*Messrs. Webb & Webb* for the appellee.

Mr. Chief Justice Alvey delivered the opinion of the Court:

On this appeal the defendant urges two grounds against the right of the plaintiff to recover:

1st. That the policy or contract of insurance, by the default of the assured, had lapsed and become null and void, and therefore no action can be maintained thereon; and, 2d. That, by reason of the express condition in the policy, limiting the right of action to one year, the right to maintain the suit was lost.

1. With respect to the first of these grounds relied on, the terms of the contract are very explicit. It is conceded, indeed, admitted on the face of the declaration, that the assessment was not paid or tendered within thirty days after it became due. It is also admitted that due notice was given the assured of the fact that the assessment was due, and that payment should be made within the time limited by the contract. In default of such payment, the contract declares such default to be conclusive evidence upon which the policy should lapse, and the contract become null and void, and all the rights of the assured under the contract become forfeited to the association. The contract of insurance, like other contracts, must be construed according to the sense and meaning of the terms employed by the parties. The contract is of a nature to require punctuality in the payment of premiums and assessments, for without such punctuality it would be impossible to conduct the business of insurance with justice and fairness to all concerned. Hence it is that time is of the essence of a contract of insurance, and promptness very generally enforced by forfeiture of the rights of the defaulting party. This doctrine is not only just in itself, but it is generally maintained by the courts of the country, and especially by the Supreme Court of the United States. As said by that court, " If life insurance companies are not allowed to enforce this forfeiture, they

are deprived of the means which they have reserved by their contract of compelling the parties insured to meet their engagements. . . . To hold the company to its promise to pay the insurance, notwithstanding the default of the assured in making punctual payment of the premiums, is to destroy the very substance of the contract." *Klein* v. *Ins. Co.*, 104 U. S., 91.

In the case before us, the excuse alleged for the default of the assured is his sickness and incapacity to attend to business, at the time the notice was received requiring payment of the assessment. But this forms no justification for the default made. For, as held by the Supreme Court in the case just referred to, and also in the case of *Thompson* v. *Ins. Co.*, 104 U. S., 258, sickness or incapacity is no ground for avoiding the forfeiture of a life policy, or for granting relief in equity against forfeiture. The rule may, say the court, in many cases, be a hard one; but it strictly follows from the position that the time of payment of premiums is material in this contract, as was decided in the case of *N. Y. Life Ins. Co.* v. *Statham*, 93 U. S., 24.

The matter alleged in the declaration, supposed to have the effect of waiving the forfeiture, and of re-establishing the contract, can clearly have no such effect. It is not alleged or pretended that the association had, at the time the letters were written, any knowledge of the fact of the sickness or death of the assured, and without such knowledge the letters were wholly without effect. *Ins. Co.* v. *Wolff*, 95 U. S., 326, 331.

It follows, that the default in making payment of the assessment within the time prescribed, operated to avoid the policy, and to forfeit all claim thereunder.

2. But, independently of the ground just considered against the right of the plaintiff to recover, the second ground urged under the demurrer against that right is also fatal.

This action was brought nearly two years after the death of the assured. By the terms of the contract, the right of action was lost after the expiration of a year from the

death of the assured. This is not a matter of statutory limitation of actions, but it is a matter of contract, to be enforced as any other term contained in the conditions embraced in the policy. The contract of insurance is a voluntary one, and the insurance company has a right to designate the terms upon which it will be responsible; and it is not an unreasonable term in the contract that, in case of controversy after the death of the assured, resort shall be had by the parties claiming to the proper tribunal, whilst the transaction is recent, and the proofs respecting it are accessible. *Riddlesbarger* v. *Ins. Co.*, 7 Wall., 386, 390. In the case just referred to, the court declared that the commencement of the action within the period designated in the contract *was a condition essential to the plaintiff's recovery.*

It has been contended, however, on the part of the plaintiff, that this limitation in the contract to the right to maintain the action should have been specially pleaded, as the statutes of limitations of actions are pleaded; and that no advantage of the limitation should be allowed in the absence of such plea. But in this we do not agree.

This limitation to the right to maintain the action is a condition in the contract, and that condition is set out and made part of the declaration, and is therefore reached by the demurrer. The conditions and qualifications specified in the policy attach to the right itself, and do not form part of the law of the remedy. If the supposed right is not asserted within the prescribed period, it ceases to exist, and cannot be claimed or enforced in any form. Or, as said by the Supreme Court of the United States, in *Walsh* v. *Mayer*, 111 U. S., 37, such limitation is a condition qualifying the right of action, and not a mere limitation on the remedy. The expiration of the time limited by the contract extinguishes the right.

The court below was right in sustaining the demurrer and entering judgment thereon for the defendant; and that judgment must be affirmed.

*Judgment affirmed with costs to appellee.*