# LAWRENCE

*v.*

# THE MIDDLE STATES LOAN, BUILDING AND CONSTRUCTION COMPANY OF HAGERS-TOWN, MARYLAND.

SEVENTY-THIRD RULE; CONTRACTS UNDER SEAL; USURY.

1. Contracts under seal are not excepted from the operation of the 73d rule of the Supreme Court of this District, allowing summary judgments on affidavits under certain conditions in actions *ex contractu*, if the exact amount due under them is as capable of being as precisely stated as under a simple contract.

2. Under the usury statute of this District, when usurious interest has been paid or taken, the only remedy of the borrower is by suit within twelve months to recover the amount of the usury; and the usurious interest cannot be made the subject of set-off or counter-claim when, after the lapse of twelve months, suit is instituted for the recovery of the principal claim.

No. 472.  Submitted October 9, 1895.  Decided November 4, 1895.

HEARING on an appeal by the defendant from a judgment under the seventy-third rule in an action on a sealed instrument.  *Affirmed.*

The COURT in its opinion stated the case as follows:

This is a suit upon a bond alleged to have been given by the appellant, Joseph S. Lawrence, to the appellee, the Middle States Loan, Building and Construction Company of Hagerstown, Maryland, conditioned for the repayment of a loan of a specific sum of money in accordance with the usages of building associations, as they are called, in which class of organizations the appellee seems to have been included.  Judgment was rendered in the court below in favor of the appellee, the plaintiff in the suit, under a rule of that court known as the seventy-third rule, which provides for

summary judgments upon affidavits without the intervention of a jury.

The appellee is a body corporate under the laws of the State of Maryland. The appellant, desiring to procure from it a loan of $4,000, appears to have subscribed for 160 shares of the stock in it, and to have undertaken to make payments upon this stock monthly until such time as by such payments the stock should become of equal value to the amount of the loan, with all accrued interest thereon, and the stock should thereupon be surrendered and cancelled, and by such surrender and cancellation the loan should be paid. As security for the payment stipulated by him to be made and for the repayment of the loan, the appellant executed and delivered to the appellee a mortgage on certain real estate in Montgomery County, in the State of Maryland, and entered into the bond or writing obligatory sued upon in this action. It is controverted by the appellant whether the bond had any seal affixed to it at the time of its execution by him ; but that he signed the paper and that the paper was of the form and effect set forth in the suit, he does not controvert.

The condition of this bond or paper-writing was that, if the appellant should pay monthly the interest on the said sum of four thousand dollars received by him as a loan, and should make the monthly payments on the 160 shares of stock subscribed for by him in the company, and should pay any and all fines assessed against him, and should pay the taxes on the mortgaged property, and the premiums for the necessary insurance on the buildings thereon, until said stock should become fully paid in and become of the par value of one hundred dollars per share, then, upon the surrender of the stock to the company, the obligation should be deemed fully paid, and should be cancelled ; but that, on the other hand, if default should be made in the payment of such taxes and insurance, or in the payment of the stipulated monthly interest, or of the fines, or monthly payments on the stock for the period of six months after the same or any

instalment thereof should become due, then, at the option of the company, the whole indebtedness evidenced by the obligation should become due and be collectible, and a foreclosure of the mortgage might be had.   The bond bears date on February 6, 1893.

The appellant, it seems, made his monthly payments for the months of February, March and April, 1893, amounting to $216; but thereafter ceased to make payments, and became in default under the terms of the bond.   Thereupon, the appellee, exercising the option reserved to it, declared the whole indebtedness to be due and payable; and finally, on the 14th of January, 1895, instituted this suit to recover from the appellant the sum of $4,000, with interest thereon from the 6th day of February, 1893, less the sum of $216, for which credit was given for payments as already stated, with interest thereon from the 6th day of February, 1893. The declaration was upon the bond as a sealed instrument; and it was supported by an affidavit sufficiently stating a good cause of action under the seventy-third rule of the Supreme Court of the District of Columbia, which has been several times before this court, and the purport of which, therefore, it is unnecessary here to state.

The appellant, defendant in the court below, interposed several pleas as a defence to the suit, including:   1st. The general issue; 2d. That he had not sealed the alleged bond; 3d. Payment; 4th. Usury; 5th. That the contract was void; 6th. That the defendant was not indebted; 7th. Performance; 8th. That the plaintiff had not proceeded to enforce the mortgage.   And in support of his defence he filed an affidavit, the substantial averment of which was, that "while the papers called for the sum of four thousand dollars, he had received only the sum of $3,312, and that the other money went to the plaintiff;" and that "after receiving the said loan he had paid to the plaintiff the sum of $165, which should have been credited on the principal sum."   He claimed, therefore, that the transaction between the parties was usurious; and he added that, to the best of

his recollection and belief, he had affixed no seal to the paper and had adopted none thereon; and that, therefore, the contract was no more than a simple contract, to which he was entitled to interpose the defence of want of consideration.

Motion was made by the plaintiff for judgment under the seventy-third rule; and the motion was allowed by the court below, and judgment was rendered against the defendant for the amount claimed in the declaration. From this judgment the defendant has prosecuted the present appeal.

*Mr. D. W. Baker* for the appellant:

1. This case does not come within the seventy-third rule, because it is a suit for a penalty. The declaration alleges and plaintiff grounds his right of suit upon the option of plaintiff in electing upon non-performance of the conditions to treat the whole sum mentioned in the bond as due and payable without any regard whatever to the amounts paid in by the defendant before the occurrence of the breaches upon which the right of election is grounded, and being a suit for a penalty, judgment cannot be given under the seventy-third rule of court. Endlich on Affi. of Def. 105.

If the contract is to perform several acts or pay a sum specified, that sum will be considered as a penalty and not liquidated damages. *Swift* v. *Crown*, 17 Ga. 609; *Davis* v. *Penton*, 6 Barn. &. C. 216; *Jones* v. *Rossman*, 18 Barb. 50; *Tayloe* v. *Sanford*, 7 Wheat. 13.

It is the tendency and preference of the law to regard a sum stated to be payable if a contract is not fulfilled as a penalty and not as liquidated damages, since by treating such sum as a penalty, the recovery can be apportioned to the actual damages or loss actually sustained. *Cheddicke* v. *Morch*, 21 N. J. (L.) 463; *Wallis* v. *Carpenter*, 13 Allen, 19; *Richards* v. *Edicks*, 17 Barb. 260.

In the District of Columbia a court of common law has

as full control over the question of penalties and the relief to be granted as a court of equity. This relief is to be exercised in a particular way laid down by statute, and the seventy-third rule of court can in no way affect this jurisdiction, which requires the intervention of a jury. Thompson's Digest, 105.

2. The case does not come within the rule because it is a suit brought for breach of certain conditions in not paying premiums, &c., in a building association contract. It is well settled law that contracts of the nature here sued upon are without the rule requiring an affidavit, and pleas may be filed without affidavit. Endlich on Aff. 105 ; *Loan Asso.* v. *Norris et al.* 1 W. N. C. 110 ; *Loan Asso.* v. *Morganthal,* 2 Pears. 343.

3. The court erred in hólding defendant's affidavit insufficient. The defendant's affidavit is to be taken as true upon this motion. *Kennedy* v. *Poole,* 20 Wash. Law Rep. 120 ; *Feust* v. *Fell,* 6 W. N. C. 43 ; *Seldon* v. *Neemes,* 43 Penn St. 421 ; *Bank* v. *Smith,* 11 Wheat. 171 ; *Thornton* v. *Weser,* 20 D. C. 233 ; *Ruff* v. *Ruff,* 85 Ind. 431 ; *Vigo* v. *Rumfield,* 102 Ind. 146 ; *Lake Shore* v. *Foster,* 104 Ind. 202 ; *Lawrence* v. *Hammond,* 5 App. D. C. 167.

4. The court erred in not holding said contract to be usurious. Any interest above the legal rate of interest on amount borrowed is usury. *Woolsey* v. *Jones,* 84 Ala. 88. Any device or shift to evade the law is usury. *Scott* v. *Lloyd,* 9 Pa. 418 ; *Ewing* v. *Howard,* 7 Wall. 499. The effect that usury would have in this case would be to forfeit any right the appellee would have to recover any interest whatever. *Carter* v. *Carusi,* 112 U. S. 478.

*Mr. Leigh Robinson* for the appellee :

1. It did not need a 73d rule to preclude the consideration of a plea of *non est factum* " unless the party for whom such plea be tendered verify the same by affidavit." It has been the statutory requirement in this jurisdiction ever since the laws of Maryland of 1785, ch. 80, sec. 3.

2. The Supreme Court of the United States has held that the remedy pointed out by sec. 716, R. S. D. C., for the recovery of usurious interest excludes every other. *Barnet* v. *Bank*, 98 U. S. 555. Such past payment cannot be used by way of offset or payment to a bill of exchange in suit. *Driesbach* v. *Bank*, 104 U. S. 52. Usurious interest cannot be reclaimed nor imputed to the principal unless a suit for its recovery be commenced or a plea of usury be set up within twelve months after the payment thereof. *Cook* v. *Lillo*, 103 U. S. 792. A suit for recovery within twelve months after payment is the exclusive remedy. *Walsh* v. *Mayer*, 111 Id. 32. Finally that court passed upon the law in force in this District and held that the remedy given by section 716, R. S. D. C., to recover back unlawful interest actually paid is exclusive. *Carter* v. *Carusi*, 112 U. S. 478.

Subsequently the Supreme Court of the District of Columbia announced the law to be : " Although premiums paid for moneys advanced to borrowers by a building association be usurious, yet the statute (sec. 716, R. S. D. C.) confers no authority on the court, on an accounting between the parties, to set off against the principal the sum so paid." *Kleindeinst* v. *Johnson*, 18 D. C. 350.

Mr. Justice MORRIS delivered the opinion of the Court :

There are four assignments of error by the appellant, to the effect : 1st. That the case is not one for the application of the seventy-third rule ; 2d. That the plaintiff's affidavit was insufficient ; 3d. That the defendant's affidavit was sufficient ; and 4th. That the contract was usurious.

1. Under the first assignment it is argued that the suit must be upon the penalty of the bond, and therefore for unliquidated damages ; and that the seventy-third rule, being intended expressly for actions upon contracts, has no application to the present case. But the plain answer to this is that the penalty of the bond and the amount of the indebtedness are the same in this case ; and recovery is

sought only for the amount of the indebtedness.    And even if it were otherwise, and the suit were actually for the recovery of a penalty and in form for unliquidated damages, it is not apparent that it should be defeated on that ground.    It is a suit upon a contract; and the seventy-third rule was intended to apply, and by its express terms does apply, to all actions upon contracts.    There appears to us no reason why contracts under seal should be excepted from its operation if the exact amount due under them is as capable of being as precisely stated as under a simple contract.    In fact, the reverse is rather the rule, inasmuch as, prior even to the enactment of the seventy-third rule, there was statutory provision for the requirement of an affidavit in support of a plea of the general issue in a suit in debt upon a sealed instrument.

2. With regard to the plaintiff's affidavit, no substantial ground of insufficiency is shown; and the second assignment of error may be dismissed without further consideration.

3. The sufficiency of the defendant's affidavit and of the plea of usury which .it was intended to sustain, remains to be considered.    The defendant's affidavit is remarkably vague and unsatisfactory in certain particulars wherein, if the charge of usury were true, it would have been easy to be specific.    It does not distinctly and directly aver that there was usury in the transaction.    The charge of usury is merely argumentative.    The statement is that out of the amount of the loan, which was $4,000, the defendant had received only $3,312, "and that the other money went to the plaintiff."    But this is not enough.    The "other money" might have gone to the plaintiff in a lawful way and for lawful purposes; and if it did not go to the plaintiff for a lawful purpose, it would have been easy for the defendant so to state, and to say categorically why and for what purpose it did go to the plaintiff.    It would be most unjust to infer usury and illegality when our daily experience suggests the possibility of various other explana-

tions, such as the necessity, for instance, for the removal of some pre-existing charge or lien.    The defendant's affidavit in this regard is plainly evasive.

But allowing to the defendant's affidavit all the force and efficacy which the utmost liberality of construction would entitle it to receive, we find that it raises but the one single substantial issue of usurious interest taken or reserved by the plaintiff at the time of the making of the loan ; and this is a defence which, under the decision of the Supreme Court of the United States in the case of *Carter* v. *Carusi*, 112 U. S. 478, cannot be sustained or allowed.

In that case the Supreme Court decided that, under the law in force in this District, when usurious interest has been paid or taken, the sole and exclusive remedy for the borrower is by a suit within twelve months to recover the amount of the usury ; and that the usurious interest could not be made the subject of set-off or counter claim, when after the lapse of twelve months suit is instituted for the recovery of the principal claim.    This ruling must be regarded as decisive of the appellant's contention in the present case.

The decision of the court below must therefore be *affirmed, with costs.    And it is so ordered.*