## LORENTZEN v. WARNER et al.

(Third Division.   Fairbanks.   December 22, 1906.)

### No. 594.

1. USURY (§ 143*)—COUNTERCLAIM—PLEADING.

> Defendants borrowed money from the plaintiff and gave her their principal note for $2,500, due in one year, and 12 interest notes, of $75, payable monthly. Defendants paid seven of the interest notes. They failed to pay the other interest notes or the principal note when due, and suit was brought to recover on the notes. Defendants pleaded the payment of the usurious interest notes, and sought to set off and recover double the amount thereof as a counterclaim. *Held,* that the cause of action for the recovery of double the usurious interest paid did not arise out of the original contract or transaction, but was a new and separate cause of action created by the statute; that usurious interest payments could not be set off against the original debt, but must

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

be recovered in a separate action under penal section 257 of the Civil Code of Alaska.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 434; Dec. Dig. § 143.*]

2. USURY (§ 143*)—SET-OFF AND COUNTERCLAIM.

The recovery of usurious interest in Alaska is upon a cause of action created by a penal statute, similar to that created by the national banking law. Such claim cannot be set off or counterclaimed in a suit on the original debt. The action provided by statute is the only and exclusive form of relief.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 434; Dec. Dig. § 143.*]

Plaintiff brings this suit to recover a judgment against the defendants on a principal note for $2,500 and upon five lesser notes for $75 each. Each note draws interest at 12 per cent. after maturity. The notes are secured by mortgage, and the suit is brought to foreclose the mortgage. The defendants admit the making of the notes and plead usury. In their first affirmative defense they allege that they borrowed $2,500 from the plaintiff and gave the principal note therefor, due one year from date, with interest after maturity; that in addition to that note the plaintiff exacted and they gave the lesser notes; and that each of the $75 notes represents the interest extracted from them at the rate of 36 per cent. per annum; and they plead this usury against the whole of the remaining interest due on the principal note. In addition thereto the defendants plead, by way of cross-complaint, the making of seven other $75 notes, and allege payment thereof when due, and plead the sum thereof, $525, as an offset to plaintiff's demand on the principal note, and ask to have it doubled under the statute, thus giving them an offset against the $2,500 due thereon in the sum of $1,050. The plaintiff moves that this cross-complaint be struck out, for the reason that the allegations and statements contained therein are sham,

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

frivolous, irrelevant, and redundant, and are unauthorized by the rules of practice of said district and of this court.

Louis K. Pratt, for plaintiff.

Claypool, Kellum & Cowles, for defendants.

WICKERSHAM, District Judge. The facts disclosed by the answer are that defendants gave the principal note for $2,500, due in one year, bearing interest only after maturity; also 12 interest notes, due monthly, for $75 each, bearing interest only after maturity. Each of these interest notes was given for a month's interest on the principal note at 36 per cent. per annum. Defendants paid seven of these interest notes, and when sued on the principal note seek to counterclaim double the sum thereof against the judgment.

Section 255 of the Civil Code of Alaska provides that the rate of interest in the district shall be 8 per centum per annum, and no more; but on contracts interest at the rate of 12 per centum may be charged by express agreement of the parties, and no more. Section 256 specially prohibits the taking or receipt of more than the rate fixed by section 255; and section 257 provides the penalty for taking such usurious rate as follows:

"Sec. 257. If usurious interest, as defined by the preceding sections, shall hereafter be received or collected the person or persons paying the same, or their legal representatives, may, by action brought in any court of competent jurisdiction, within two years after such payment, recover from the person, firm, or corporation receiving the same double the amount of the interest so received or collected."

Counsel for defendants contend that their counterclaim is justified by chapter 8 of the Code of Civil Procedure. Section 64 provides:

"Sec. 64. The counterclaim mentioned in the last preceding section must be one existing in favor of the defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the following causes of action: First. A cause of

action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim. Second. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

On careful consideration it will be apparent that the counterclaim of defendants is not within the statute allowing counterclaims to be pleaded. True, it is between the same parties. But the cause of action set out in the counterclaim does not arise out of the original contract or transaction. The original contract was that defendants should pay those interest notes, and they did so; and that closed both the contract and the transaction. Defendants had no agreement with the plaintiff about returning the usury. The statute created that cause of action. Without the statute it has no existence. It has no legal connection with the original contract or transaction, and is not a cause of action arising on contract. It is a cause of action created by a penal statute, similar to that created by the national banking act, and cannot be set off against the original demand. Barnet v. Muncie Nat. Bank, 98 U. S. 555, 25 L. Ed. 212; Driesbach v. Second Nat. Bank, 104 U. S. 52, 26 L. Ed. 658; Stephens v. Monongahela Nat. Bank, 111 U. S. 197, 4 Sup. Ct. 336, 28 L. Ed. 399; Carter v. Carusi, 112 U. S. 478, 5 Sup. Ct. 281, 28 L. Ed. 820.

Defendants must bring the action provided for by the penal section 257, as that is the only and exclusive form of relief provided in such cases by the law.