## LYNCH et al. v. UNITED STATES.
### No. 7480.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1934.

John J. McCreary, of Macon, Ga., for appellants.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith and H. Grady Rawls, Asst. U. S. Attys., all of Macon, Ga.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that two policies of war risk insurance were issued to Roy H. Lynch while he was serving as a soldier in the United States Army. The policies lapsed for nonpayment of premiums on March 3, 1919. Roy H. Lynch died on August 17, 1927. Suit was brought on the policies by appellants about August 15, 1932. The original petition alleged that Roy H. Lynch became permanently and totally disabled while the policy was in force through chronic pulmonary tuberculosis, involvements of the nervous system, and aggravated neurasthenia. By an amended petition, filed November 11, 1933, the allegation as to the cause of permanent and total disability was enlarged to read as follows: Chronic pulmonary tuberculosis, both lobes of both lungs; aggravated neurasthenia; cardiac hypertrophy; hernia; enlargement of the heart; auditory hallucination with delusions; psychosis, and chronic laryngitis. The case was tried to a jury. At the close of the evidence the court denied motions of the defendant for a directed verdict and the case was submitted to the jury on a charge that fully and fairly covered the case, to which no objection was made. After deliberating for a while, the jury returned into court for further instructions and the foreman inquired whether they could consider anything but tuberculosis in determining whether the soldier had become permanently disabled. Counsel for both sides were present. The court inquired whether there was any evidence in the record to show total and permanent disability for any cause other than tuberculosis. Counsel for the government replied in the negative and no evidence was pointed out by counsel for the plaintiffs, whereupon he instructed the jury that they could consider only tuberculosis as the cause of permanent and total disability. Error is assigned to that action of the court.

The transcript of the evidence, condensed in narrative form, is brought up in the record. It covers over 100 typewritten pages. Appellants have failed to point out any evidence that would tend to show that the insured became totally and permanently disabled during the life of the policy from any cause other than tuberculosis. We have carefully examined the record and fail to find any such evidence.

The trial judge is not obliged to charge the jury on a theory alleged in the pleadings unless it is supported by substantial evidence. In fact, it would be error to do so. Carter v. Carusi, 112 U. S. 478, 5 S. Ct. 281, 28 L. Ed. 820; Mitchell v. Potomac Ins. Co., 183 U. S. 42, 22 S. Ct. 22, 46 L. Ed. 74. We find no error in the charge complained of.

The only other error assigned is to the refusal of a new trial. It appears that the application was received and considered by the court. It is elementary that in federal courts the granting of a new trial is within the sound discretion of the trial judge and error cannot be predicated upon his refusal.

The record presents no reversible error.

Affirmed.