### DRIESBACH *v.* NATIONAL BANK.

### STARK *v.* NATIONAL BANK.

1. Usurious interest *paid* a national bank on renewing a series of notes cannot, in an action by the bank on the last of them, be applied in satisfaction of the principal of the debt.
2. *Barnet* v. *National Bank* (98 U. S. 555) reaffirmed.

ERROR to the Circuit Court of the United States for the Western District of Pennsylvania.

The first of these actions was brought by the Second National Bank of Wilkes Barre, Pennsylvania, against Driesbach, upon two promissory notes, of which the following are copies :—

" $8,000.]              · WILKES BARRE, PA., Aug. 11, 1877.

" Ninety days after date I promise to pay to the order of J. B. Stark eight thousand dollars, at the Second National Bank of Wilkes Barre, without defalcation.   Value received.

                                   " D. G. DRIESBACH.

(On the back of which is indorsed :) " J. B. STARK, D. G. DRIESBACH."

" $5,000.]              WILKES BARRE, PA., Sept. 6, 1877.  ·

" Ninety days after date I promise to pay to the order of J. B. Stark five thousand dollars, at the Second National Bank of Wilkes Barre, without defalcation.   Value received.

                                   " D. G. DRIESBACH.

(On the back of which is indorsed :) " J. B. STARK, D. G. DRIESBACH."

The second action is by the bank against Stark, the indorser.

On the 20th of April, 1871, a note for $5,000 was, by the bank, discounted for Driesbach, and it was renewed every ninety days thereafter until the 24th of October, 1872, when $1,000 having been paid, it was renewed for $4,000.  Jan. 25, 1873, $1,000 was paid, and the note renewed for $3,000.  Subsequently it was renewed every ninety days for $3,000 until May 12, 1877, when it was again renewed.

The bank discounted, Sept. 12, 1872, for Driesbach another note, indorsed by Stark, for $5,000, at ninety days. This note was in like manner renewed from time to time until July 11, 1877, when it was paid by the check of one Nesbit, who discounted a note of Driesbach for $5,000, at thirty days. This note matured at the same time as the $3,000 note of May 12, and on the 11th of August the two notes were consolidated into the one at ninety days, for $8,000, discounted by the bank, and now in suit.

There was also another note of Driesbach, of Aug. 16, 1871, for $5,000, at ninety days, indorsed by Stark, which the bank discounted, and which was also renewed every ninety days for the same amount, ending in the note of Sept. 6, 1877, for $5,000, at ninety days, the second note in suit.

The original loans were made under an agreement for a line of discount upon renewable notes. Driesbach was to pay and did pay a portion of the time interest at the rate of ten per cent per annum, a portion of the time at nine, and a portion of the time at eight.

The amount charged on the first discount of the three several notes was deducted from their face, and the net proceeds were passed to the credit of the maker, but the interest on the subsequent notes was paid when they were renewed.

The defendants pleaded the general issue, and a special plea, that the interest charged by and paid to the bank was usurious, and received in violation of sects. 5197 and 5198 of the Revised Statutes. They therefore claimed the right to set off against the face of the notes sued on the whole amount of interest so paid.

There was a judgment in each case for the plaintiff, whereupon the defendants sued out writs of error.

*Mr. James O. Parker* for the plaintiffs in error.

*Mr. W. H. Armstrong, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The object of the plaintiffs in error in these suits is to have usurious interest *paid* a national bank on renewing a series of notes, of which those now in suit are the last, applied in satis-

faction of the principal of the debt. The claim is not for interest stipulated for and included in the notes sued on, but for the application of what has actually been *paid* as interest to the discharge of principal. This we held in *Barnet* v. *National Bank* (98 U. S. 555) could not be done; and in *First National Bank of Clarion* v. *Gruber* (8 Weekly Notes of Cases, 119), and *National Bank of Fayette County* v. *Dushane* (9 id. 472), the Supreme Court of Pennsylvania followed that case, overruling its former decisions on the same question in *Lucas* v. *Government National Bank* (78 Pa. St. 228) and *Oberholt* v. *National Bank of Mt. Pleasant*, 82 id. 490. If, therefore, we reverse the judgments for the specific errors now complained of, it would serve no useful purpose, for on the facts admitted the same general result must follow another trial. Without, therefore, considering at all the question on which the cases seem to have turned below, the judgments are

*Affirmed.*