DAVID P. CARPENTER v. THE NATIONAL BANK AT
RAHWAY.

The limitation of two years within which suit may be brought against a
national bank for taking usurious interest does not begin to run from
the time of the agreement for such interest, but from the time of the
receipt of the money by the bank.

Writ of error to Union Circuit.

The action was against a national bank for taking usurious
interest.

The plaintiff's note, dated May 20th, 1882, at six months,
was discounted by defendant the same day, the charge for dis-
count being $164.64.

The plaintiff's note, dated July 10th, 1882, at six months,
was discounted July 25th, 1882, the charge for discount
being $17.83.

The plaintiff paid the defendant April 20th, 1883, $6.79,
for interest.

The plaintiff kept an account at the defendant's bank, and
at the time of discounting the first two notes, was credited
with the face of the notes, less the discount charged.

The first note was paid by the plaintiff December 4th,
1882, the second April 2d, 1883; the suit was begun Decem-
ber 4th, 1884.

Argued at June Term, 1887, before BEASLEY, CHIEF
JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, E. Cutter.

For the defendant, Edward S. Savage.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It is admitted that the trans-
actions put in question by this proceeding were usurious, the

only defence interposed being the contention that the two years limited by the act of congress within which a suit of this kind can be brought had elapsed before the inception of this action.

The only point of difficulty in the case is to ascertain when, or upon what event this period of limitation begins to run, the defendant contending that the starting point is the date when the notes were discounted, while the plaintiff takes the position that it is the time of the payment of the note, principal and usurious interest.

The theory of the defence was approved by the Circuit Court, and accordingly judgment went against the plaintiff with respect to the claim resting on the two notes which had been discounted before the two years preceding the suit, and which had been paid within such period. Hence this writ of error.

The language of the National act, thus construed, is as follows : " The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided, such action is commenced within two years from the time the usurious transaction occurred."

Upon analysis, this statutory provision will be found to create two distinct offences, kindred in character, but visited by unlike penal consequences. The one is for reserving or charging the unlawful interest, and such act occasions " a forfeiture" in the words of the law, " of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon ;" and the other when the forbidden contract has been executed by the payment of the illegal interest, in which event the party grieved

is given the right to recover by suit double the money so unjustifiably exacted. That this is the effect of this section has been authoritatively declared by the Supreme Court of the United States, in the case of *Barnett* v. *National Bank*, 98 *U. S.* 555, and this decision has been since approved of by the same court, in *Diesbach* v. *National Bank*, 104 *U. S.* 52.

Observing then this effect of this act, that it provides distinct penalties for the two classes of usurious transactions, it is not difficult to perceive to which of such transactions is designated in the section as the starting point in the clause of limitation. The phrase is, " Provided such action is commenced within two years from the time the usurious transaction occurred." Which usurious transaction? Is it the transaction of agreeing for the usury, with which this suit has no connection, or the transaction of actually receiving the money, and which forms the foundation of the action.

Looking closely into the matter, it becomes apparent that to conclude that the event, standing as the beginning point of the limitation, is the agreement for the usury, and not its receipt, is to do considerable violence to the statutory expressions. The act describes such event by the phrase " from the time such usurious transaction occurred ;" and the usurious transaction immediately preceding this, and being comprised in the same sentence, is constituted of the mere payment of the money ; so that, according to grammatical usage, it is that transaction, being the next antecedent to the phrase, that must be regarded as its relative.

And indeed, we seem to interpolate the act when we say that the contract to take the usury is the event referred to, for plainly such contract, in the present case, was but the first step in the affair leading up to the final act of paying the money, so that if we adopt the construction that the limitation runs from the time of the agreement, we vary the statutory language, and make the section read that the action must be brought within two years from the time the usurious transaction *commenced* to occur, and not, as the act says, from the time that it occurred.

These considerations have led me to the view, contrary to my first impression, that this judgment should be reversed.