# Florence Railroad & Improvement Co. v. Chase National Bank.

*Action of Assumpsit on a Promissory Note.*

1. *Negotiable note; when private corporation cannot plead ultra vires.*—

[Florence Railroad & Improvement Co. v. Chase National Bank.]

A private corporation authorized to issue negotiable paper for its own uses, which executes, apparently within the scope of its corporate powers, an accommodation note, negotiable and payable at a bank, is estopped from setting up the defense of *ultra vires*, upon the ground that the note was purely an accommodation paper, when sued by a *bona fide* holder thereof, who obtained said note before maturity for valuable consideration, in due course of trade.

2. *Banks; usurious discount by national banks not governed by State statutes.*—The penalty for the violation of the statute (Code, § 4140), for discounting notes, bills of exchange or drafts, at a usurious rate of interest, does not apply and can not be enforced as to notes, bills of exchange or drafts discounted by national banks; the national banking statue relating to usurious discounting by national banks being exclusive as to such banks.

APPEAL from the District Court of Lauderdale.
Tried before the Hon. W. P. CHITWOOD.
The facts of the case are sufficiently stated in the opinion.

EMMETT O'NEAL and THOMAS R. ROULHAC, for appellant.—1. A corporation can not lawfully make paper merely for the accomodation of another party, unless it has express legislative authority to do so, such power is not the power incident to the corporation ; and not being inherent in a private corporation, it must be granted by express legislative authority.—*Chewacla Lime Works v. Dismukes*, 87 Ala. 346 ; Green's Brice's *Ultra Vires*, 252 ; *Smead v. Indianapolis R. R. Co.*, 11 Ind. 109 ; *Davis v. Old Colony R. R. Co.*, 131 Mass. 258 ; 1 Morawetz on Corporations, § 423.

2. A private corporation not being authorized by its charter to make accommodation paper, the making of such paper is *ultra vires*, and can not be enforced, even in the hands of a *bona fide* holder.—*Marion Sav. Bank v. Dunklin*, 54 Ala. 473 ; *Long v. Ga. Pac. R. R. Co.*, 91 Ala. 521 ; *Chambers v. Falkner*, 65 Ala. 455 ; *Montgomery v. Montgomery & Wetumpka Plank Road Co.*, 31 Ala. 76 ; *Thomas v. West Jersey &c. R. R. Co.*, 101 U. S. 71.

3. While there are decisions of the Supreme Court of the United States which hold that the penalty prescribed by the National Banking Act for taking usury by an institution chartered by that law is an exclusive penalty, and those fixed by State statutes can not apply to such transactions, there are no decisions which declare that a

national bank is authorized to set at defiance the criminal statutes of a state in which it has its domicile. Therefore, the penalty prescribed by statute for discounting paper by a bank at a usurious rate of interest must apply to all banks; and a note based on an illegal consideration, made so by being in violation of the penal statute, though negotiable and in the hands of a *bona fide* purchaser without notice before maturity, is void.—*Hanover Bank v. Johnson*, 90 Ala. 552; *Wildsmith v. Tracy*, 80 Ala. 259; *Chewacla Lime Works v. Dismukes*, 87 Ala. 344; *Sherwood v. Alvis*, 83 Ala. 117; *Grand Lodge v. Waddill*, 36 Ala. 313; *Chambers v. Falkner*, 65 Ala. 454; Bishop on Contracts, § 1023.

SIMPSON & JONES, *contra.*—The fact that the note sued on was an accommodation paper, can not have any effect upon the right of the plaintiff to recover, since it purchased the note before maturity in the due course of trade, for a valuable consideration and without notice. Where a corporation can contract a debt, it can cast it into the form of a negotiable paper.—Tiedeman on Com. Paper, § 115. When it has the power, under any circumstances to issue commercial paper, it will be presumed, in the absence of express proof to the contrary, that a note, signed by the proper officer of a corporation, was issued in conformity with its powers.—*Supervisors v. Schenck*, 5 Wall. 784; *Stoney v. Amer. Life Ins Co.*, 11 Paige 635; *Bird v. Daggett*, 97 Mass. 494; *Monument Nat. Bank v. Globe Works*, 101 Mass. 57.

2. The general principle is that the equities between the original parties can not be pleaded against a *bona fide* holder, even though the case be so extreme as that of an agent issuing the paper of his principal for his own accommodation.—Tiedeman on Commercial Paper, §§ 82, 90, 100; 1 Daniel Neg. Instrum., § 68, p. 60; § 856, pp. 710–11. Although a corporation has not the power to issue accommodation paper, yet when it is issued so that an endorsee for value can take it, without notice of its objectionable character, such endorsee can hold the corporation.—Tiedeman on Com. Paper, § 116.

3. A contract not on its face void, is presumed valid, and the doctrine of *ultra vires* will not be allowed to operate where it would defeat the ends of justice.—*Railway Co. v. McCarthy*, 96 U. S. 258; *Nat. Bank v. Mat-*

*thews*, 98 U. S. 621 ; 2 Morawetz on Corporations, §§ 653, 658, 668, 678, 687 ; *Daniels v. Tearney*, 102 U. S. 415 ; *Texas &c. R. Co. v. Robards*, 48 Amer. Rep. 268.

4.  The United States statutes fix the penalty on national banks for taking more than legal interest, and it is now conclusively settled that the penalty declared in said United States statutes is superior to and exclusive of any penalty established by State statute, so that the Alabama penal statute is not applicable to a national bank. Rev. Stat. United States, §§ 5197–8 ; 2 Morse on Banking, p. 1233, § 130 ; *Farmers Nat. Bank v. Dearing*, 91 U. S. 29 ; *Hintermister v. Nat. Bank*, 64 N. Y. 212 ; *Central Nat. Bank v. Pratt*, 15 Amer. Rep. 138 ; *Nat. Bank v. Garlinghouse*, 10 Amer. Rep. 751, 22 Ohio St. 492 ; *Davis v. Randall*, 115 Mass. 547, 15 Amer. Rep. 146 ; *Higley v. Nat. Bank Beverly*, 26 Ohio St. 75, 20 Amer. Rep. 759 ; *Barnett v. Nat. Bank*, 98 U. S. 555 ; *Driesbach v. Nat. Bank*, 104 U. S. 52 ; *Stephens v. Monongahela Nat. Bank*, 111 U. S. 197.

COLEMAN, J.—The Florence Railroad & Improvement Company, a private corporation, executed a negotiable note, payable at the Florence National Bank to the order of the Florence Wagon Company, which in due course of trade, before maturity, for a valuable consideration became the property of The Chase National Bank, and not being paid at maturity, the present action was instituted to enforce its payment. Many exceptions were reserved during the trial, and there are numerous assignments of error. The record presents but two meritorious questions of law, and which are decisive of the case. In fact these two propositions of law are the only ones insisted on in argument by counsel for appellant. After the evidence had closed the court instructed the jury to find the issue for the plaintiff. The two propositions of law raised by the defendant's pleas, in defense of the action, are, first, that the note was made purely as an accommodotion paper to enable the Florence Wagon Company to raise money fo its own use and benefit, and was, therefore, *ultra vires* and void ; second, that the payee of the note discounted the same to the Florence National Bank at a usurious rate of interest, contrary to section 4140 of the Criminal Code, which declares that "any banker who

[Florence Railroad & Improvement Co. v. Chase National Bank.]

discounts any note, bill of exchange or draft at a higher rate of interest than eight per cent per annum * * * is guilty of a misdemeanor," and consequently the note was void in the hands of plaintiff.

First: as to the defense of *ultra vires*, upon the ground that the instrument was purely an accommodation paper. How far this defense might be available against the note in the hands of one who has acquired it with notice of its character we deem it unnecessary to decide. There is no evidence tending to show that the plaintiff which acquired the note from the Florence National Bank in due course of trade, was chargeable with notice that it was made as accomodation paper, or that there were any defenses to it, or irregularities in its execution, or hindrance to its circulation as negotiable paper. Presumptively the Florence Railroad & Improvement Co. was authorized to execute negotiable paper for its own uses and purposes.—Tiedeman on Com. Paper, § 115. There is nothing on the face of the paper to indicate that it was purely an accomodation paper, and the evidence fails to show that plaintiff had any notice or knowledge of the consideration for which it was made. We have then the case of a private business corporation, authorized to execute negotiable paper for its own uses, sending out into the commercial world, apparently within the scope of its corporate powers, a paper in all respects complete, inviting the credit and confidence of those engaged in commercial dealings, with the assurance of the law, to every innocent purchaser for value before maturity, that he may receive it, free from any infirmity and defect or defense. Nay more. If the plaintiff, before purchasing, had made inquiry of the maker and payee, and had been assured that it was not accomodation paper, but that the maker was the sole beneficiary of the consideration, and had purchased the paper upon such assurances, notwithstanding, when sued, unless we apply the doctrine of estoppel to private corporations, the plea of *ultra vires* must defeat the action. The equitable doctrine of estoppel "will not down at the bidding" of persons or corporations, when its presence is necessary to prevent fraud or injustice. Corporations as well as persons, authorized to issue commercial paper, when it sends such paper into the markets of the world, are bound by

[Walker v. English *et al.*]

the rules of commercial law. Public policy requires the application of this rule in such cases.—*Supervisors v. Schenck*, 5 Wall. 784; *Bird v. Daggett*, 97 Mass. 498; *Monument Bank v. Globe Works*, 101 Mass. 57; 1 Dan. Neg. Ins.; § § 68, 856; Tiedeman on Com. Paper, § 116; *Railway Co. v. McCarthy*, 96 U. S. 258; 2 Morawetz on Corp., §§ 653, 658, 686, 678, 687. The court ruled rightly in disallowing the defense of *ultra vires*.

The other defense, viz., that the paper was discounted in violation of section 4140 of the Criminal Code; *supra*, we regard as settled by the decisions of the Supreme Court of the United States. In questions of this kind, involving the construction and effect of the statutes of the United States which regulate the management, and impose duties and liabilities upon National Banks, we think sound conservatism and justice to all parties require that our decisions conform to those of the Federal courts. These decisions declare that the penalty prescribed by the National Banking statute for usurious discounting paper by National Banks is exclusive, and those imposed by State statutes can not be applied and enforced.—*Barnett v. Nat. Bank*, 98 U. S. 555; *Stephens v. Monongohela Nat. Bank*, 111 U. S. 197; *Farmers Nat. Bank v. Dearing*, 91 U. S. 29; *Central Nat. Bank v. Pratt*, 115 Mass. 539; 15 Am. Rep. 138; *First Nat. Bank of Columbus v. Garlinghouse*, 22 Ohio St. 492; s. c. 10 Am. Rep. 751; *Davis v. Randall*, 115 Mass. 547; s. c. 15 Am. Rep. 146; *Higley v. Nat. Bank of Beverly*. 26 Ohio St. 75; s. c. 20 Am. Rep. 759; 2 Morse on Banking, p. 133 (part 2d), § 130.

In the case before us, we might reach the same conclusion from the particular facts in evidence, but we deem it unnecessary to discuss them.

We find no error in the record.

Affirmed.