# First National Bank *v.* Denson.

*Action against a National Bank to recover Penalty for receiving more than a Legal Rate of Interest on a Loan.*

1. *Usury by national bank; limitation of action to recover penalty.* The time of the limitation within which suit to recover back usury paid to a national bank must be instituted, does not begin to run until the creditor has received in the way of payment, of principal and interest, a sum in excess of the principal and legal interest, or has taken judgment for such excessive sum; for, until the creditor has received more than the debt and legal interest, or has taken judgment therefor, the "usurious transaction" has not been consummated and has not "occurred" within the meaning and intent of the statute (Rev. Stat. of the United States, § 5198)—the creditor having until that time the election to purge the transaction of usury by crediting the excess of interest on the principal.

2. *Same; plea of usury to action on a note to national bank and judgment thereon no bar to subsequent action to recover statutory penalty.* The fact that in an action by a national bank on a note given to it, the defendant pleaded usury against the note, and under such plea recovered judgment forfeiting the interest on said note, under the Federal statute (Rev. Stat. of United States, § 5198), does not preclude him, after having paid a sum in excess of the principal and legal interest, from maintaining an action under said statute, to recover back twice the amount of the usurious interest he had theretofore paid.

APPEAL from the City Court of Anniston.

Tried before the Hon. JOHN H. DISQUE.

On February 10, 1896, the appellee, W. H. Denson, brought the present action against the First National Bank of Gadsden, to recover back double the amount of interest paid by the plaintiff to the defendant. The action is founded upon section 5198 of the revised statutes of the United States. The facts showing the transaction, which are set forth in the complaint in detail, are as follows: On the 23d day of May, 1887, Denson bor-

rowed from appellant $4,000, and executed his promissory note therefor. On this loan appellant charged usurious interest. The note for $4,000 was renewed at intervals of two or three months to May 7, 1891. On May 7, 1891, Denson paid $2,000, and executed his note for the remaining $2,000. Usurious interest was charged on this renewal, and also upon each renewal of the $4,000 note above mentioned. The $2,000 note was also renewed, and usurious interest charged on each renewal, at intervals of three or four months, to February 7, 1892. On the 7th of February, 1892, Denson paid $800 and executed his note for $1,200. The $1,200 note was renewed at intervals of three or four months up to the 10th day of January, 1893. At each renewal interest was charged at the rate of 10 per cent. per annum. On the 12th day of March, 1893, Denson executed his note for $1,200 due on the 12th of July, 1893, as a renewal of the former $1,200 note. On the note dated 12th of March, 1893, only legal interest was charged. On the 11th day of July, 1894, the bank brought suit against Denson in the city court of Gadsden, to recover of him the $1,200 due on the note executed on the 12th day of March, 1893, and interest thereon. Denson interposed his plea of usury in that suit, setting up in defense of said suit the charging, taking and receiving usurious interest on said loan as heretofore set forth. The usury and the only usurious transactions relied upon, in support of said plea of usury, was the taking, charging and receiving usurious interest at the times heretofore set forth, and these were the only usurious transactions given in evidence on the trial of said cause in support of said plea. In that suit Denson obtained judgment on his plea of usury, the court rendering judgment as follows : "On the 27th day of January, 1896, came the parties by attorneys, and issue being joined on defendant's plea of usury, the court, after hearing the evidence and upon due consideration, finds the issues in favor of the defendant on his plea of usury. It is, therefore, considered and adjudged by the court that defendant recover judgment against plaintiff for costs of suit, and plaintiff recover judgment for $1,200, the principal of the note sued upon."

The complaint, after alleging the above stated facts in

detail, then continues as follows : "Plaintiff avers that said defendant took said judgment without purging the transactions of the excessive and usurious interest paid by plaintiff, by crediting said excessive and usurious interest on the principal and legal interest due on said notes, which said usurious and excessive interest was knowingly charged, taken and received on said transactions from the plaintiff in this suit by the defendant in this suit.

"Plaintiff avers that if the defendant in this suit had given the plaintiff in this suit credit for the excessive interest over 8 per cent per annum paid on said loan or notes, the amount of said $1200 judgment would not have have been as much as $600. Plaintiff avers that at no time during the period of all the transactions herein set forth in this complaint from May 23, 1887, to the day the defendant in this suit took said judgment against this plaintiff, have the cash payments made by this plaintiff on the principal of said notes and the interest over and above 8 per cent per annum paid by plaintiff on the amounts of said notes, been equal to or amounted to the principal and lawful interest thereon of the sum originally due from this plaintiff to this defendant on the transactions herein stated in this complaint. Plaintiff avers that on the 7th February, 1896, he settled and satisfied said judgment in full, and the defendant in this suit entered such settlement and satisfaction on the record of said judgment."

There were demurrers interposed to this complaint, which were overruled, and thereupon the defendants filed several pleas, among which were the following : 3. "And for further plea in this behalf defendant says that the usurious interest complained of in plaintiff's complaint was paid more than two years before the bringing of this suit, wherefore defendant says that plaintiff's cause of action is barred by the statute of limitations." 6. "And for further plea in this behalf defendant says that the usurious transaction complained of in said complaint, occurred as follows, viz. : That on the 23d day of May, 1887, plaintiff borrowed $4,000 from defendant and executed his promissory note therefor, payable on the 6th day of August, 1887, and the defendant charged, took and received interest on said sum from 23d of May, 1887, to the 6th of August, 1887, at the rate of 12 per cent

per annum, amounting for said time to $98.65. On the 6th day of August, 1887, said note was renewed for $4,000 and made payable 6th of October, 1887, and the defendant charged, took and received interest at the rate of 12 per cent per annum, from the 6th of August to the 6th of October, 1887. On the 6th of October, 1887, plaintiff renewed said note for $4,000 and continued to renew the same for the same amount at intervals of two, three and four months from the 6th of October, 1887, to 7th December, 1889, and the defendant charged, took and received from plaintiff interest at the rate of 12 per cent per annum at the time of each of said renewals during the time from the 6th of October, 1887, to the 7th of December, 1889. That said note was renewed at intervals of three or four months from December 7th, 1889, to May 7th, 1891, and that during said period and at each renewal the defendant charged, took and received interest on said sum of $4,000 at the rate of 10 per cent per annum. That on May 7th, 1891, plaintiff paid $2,000 on said note and on the same day executed his promissory note for $2,000, the balance due on said $4,000, note payable the 7th of July, 1891, and plaintiff renewed at the same intervals of three or four months from the 7th of July, 1891, to the 7th of February, 1892. That the defendant charged, received and took interest on said note from May 7th, 1891, to February 7th, 1892, at the rate of 10 per cent per annum. That on the 7th of February, 1892, plaintiff paid the defendant $800 on said $2,000 note, and the same day executed his note for $1,200 (the balance due on said $2,000 note) payable the 7th day of June, 1892, and said note was renewed at intervals of three or four months from the 7th of June, 1892, to 12th of March, 1893, the last of said renewal notes being executed on the 10th day of January, 1893. That the defendant charged took and received from plaintiff at each of said renewals interest at the rate of 10 per cent per annum. That on the 12th day of March, 1893, plaintiff executed to the defendant his note for $1,200 due on the 12th of July, 1893, as a renewal of the former $1,200 note. That on the said note dated 12th day of March, 1893, only legal interest was charged, and no usurious interest was charged, taken reserved or received. That no usurious interest has been charged, taken, reserved or received from plain-

tiff by defendant since the 10th day of January, 1893. That on the 11th day of July, 1894, the defendant brought suit against plaintiff in the city court of Gadsden, a court of competent jurisdiction, to recover of him the $1,200 note executed on the 12th day of March, 1893, and the interest thereon. That the plaintiff interposed his plea of usury in said suit, setting up in defense of said suit the charging, taking and receiving usurious interest on said loan as heretofore set forth in this plea. That the usury relied upon and the only usurious transaction relied upon by plaintiff in support of said plea was the taking, charging and receiving usurious interest at the times heretofore set forth in this plea, and these were the only usurious transactions given in evidence on the trial of said cause in support of said plea. That in said suit defendant obtained judgment on said plea of usury, and the court rendered judgment in said cause as follows: 'On the 27th day of January, 1896, came the parties by attorneys, and issue being joined on defendant's plea of usury, the court, after hearing the evidence and upon due consideration, finds the issues in favor of the defendant on his plea of usury. It is, therefore, considered and adjudged by the court that defendant recover judgment against plaintiff for costs of suit, and plaintiff recover judgment for $1,200, the principal of the note.' And defendant says that plaintiff in filing said plea of usury and obtaining judgment thereon, elected to treat the payment of interest at the several times set forth in this plea as usurious transactions occurring at the times said several payments were made, and is now estopped to say that these transactions did not occur until the judgment in said suit was obtained by defendant. And defendant avers that said judgment rendered on said plea was an adjudication of the fact that the usurious transactions occurred at the times set forth in this plea more than two years before the bringing of this suit, wherefore defendant says that said usurious transactions occurred more than two years before the bringing of this suit, and plaintiff's cause of action is barred by the statute of limitation of two years, and defendant pleads said statute of limitation in bar of this suit.

In the seventh plea, after averring the interposition by the plaintiff in this suit of his plea of usury in a suit by

[First National Bank v. Denson.]

the bank on the note for twelve hundred dollars and the obtaining of judgment by the defendant in that suit on said plea, the defendant then avers: "And defendant avers that by the act of plaintiff and under plaintiff's said plea and the judgment thereon, the penalty provided by law for said usurious transactions has been imposed on and suffered by defendant, and that defendant is not liable to plaintiff for any further or additional penalty, wherefore defendant pleads the proceedings in said former suit and the judgment rendered therein in bar of this action."

The eighth and ninth pleas were as follows:

"8.  For further plea on this behalf defendant denies that on the note executed on the 12th day of March, 1893, any usurious interest was taken, received or charged.   And defendant avers that no usurious interest has been taken, received, reserved or charged on said loan after January 10th, 1893, and defendant avers that each and every instalment of usurious interest on said loan was paid by the plaintiff in money as a separate and independent transaction, and was not added to the original note or to any renewal thereof.   And that each and every instalment was at the time of the payment thereof applied by the act of the parties expressly to the payment of usurious interest, wherefore defendant says that plaintiff's cause of action is barred by the statute of limitations of two years, and defendant pleads said statute in bar of this suit."

"9.   And for further plea on this behalf defendant says that in the suit brought by defendant against plaintiff on the $1,200 note, which said suit is referred to in plaintiff's complaint, plaintiff interposed his plea of usury, setting up in defense of said suit the same charging, taking and receiving usurious interest that is set up in plaintiff's complaint.   That the usury relied upon and the only usurious transactions relied upon by plaintiff in support of said plea were the taking, charging and receiving usurious interest at the times and on the occasions set forth in said complaint; and these were the only usurious transactions given in evidence on the trial of said cause in support of said plea.   That in said suit plaintiff obtained judgment on his said plea of usury and recovered judgment against the defendant in this suit for the costs of said former suit, and defendant in this suit recovered judgment for only the principal of said note sued on."

[First National Bank v. Denson.]

The tenth, twelfth and thirteenth pleas, after averring the interposition by the plaintiff in this suit of the plea of usury in the suit by the bank on the note for twelve hundred dollars, and the recovery of judgment by the defendant in that suit upon said plea, each contained the following averments: 10th. ''Wherefore defendant avers that plaintiff is estopped from setting up in this suit that said payments of usurious interest did not constitute usurious transactions occurring at the time said payments were made. Wherefore defendant says that said usurious transactions occurred more than two years before the bringing of this suit, and plaintiff's cause of action is barred by the statute of limitations of two years, which said statute defendant pleads in bar of this action.''

12th. ''And defendant avers that defendant lost and forfeited to plaintiff by the said judgment the interest on said note from the 12th day of July, 1893, to the date of said judgment. And defendant avers that by filing said plea of usury and obtaining said judgment plaintiff elected to treat the transaction as one in which illegal interest has been knowingly stipulated for but not paid, and elected to take the penalty provided by the Federal statute in such case, to-wit, the forfeiture of the interest, and plaintiff is now estopped from prosecuting this action.''

13th. ''And defendant avers that he lost and forfeited to plaintiff by the said judgment the interest on said note from the 12th day of July, 1893, to the date of said judgment. And defendant avers, that in said judgment the court adjudged and adjudicated that the transaction was one in which illegal interest had been knowingly stipulated for but not paid; and enforced against defendant the penalty provided for by the Federal statute in such case, to-wit, the forfeiture of the interest, and defendant now pleads said judgment of said court in bar of this action.''

The plaintiff demurred to the pleas numbered 3, 6, 7, 8, 9, 10, 12, and 13, as follows: To plea No. 3, upon the following grounds: ''1. Because there is no law of the United States that requires such suits as the plaintiffs to be commenced within two years from the last payment of usurious interest. 2. Because there is no law and no statute of limitations provided in the

[First National Bank v. Denson.]

laws of the United States that bars such an action as that of the plaintiff's in this case, unless such suit is commenced within two years from the last payment of usurious interest. 3. Because said plea is defective, insufficient and fatally uncertain in failing to show what statute of limitation bars the plaintiff's suit."

To pleas numbered 6, 7, 9 and 10, upon the following, among other grounds: "1. Because the matters set forth in said sixth plea are incongruous and inconsistent and antagonistic and self-contradictory. 2. Because the matters set forth in said plea do not, and are insufficient to maintain the estoppel or bar sought to be enforced by said plea. 3. Because said plea shows that the city court pronouncing the judgment mentioned in said plea did not decide and determine that the usurious transactions mentioned in said plea occurred at the time set forth in said plea or at any other time or times. 4. Because the matters set forth in said plea show that the said court pronouncing the said judgment mentioned in said plea only decided that the $1,200 note, the basis of said suit, embraced usury, and nothing was decided by said judgment to conclude or estop the plaintiff from maintaining this suit as is claimed in said plea. 6. Because said plea fails to aver any facts showing that said city court in the rendition of said judgment determined when any usurious transactions occurred that set to running the statute of limitations of two years within which suits like the present must be commenced as prescribed by the laws of the United States. 7. Because said plea shows that nothing was determined by said judgment mentioned therein that estops or bars this plaintiff to maintain this suit. 9. Because the matters set up in said plea as an estoppel and bar to plaintiff to maintain this suit are wholly insufficient for such purpose, as said matters do not work such estoppel or bar."

To plea number 8, upon the following grounds: "1. Because it is immaterial how plaintiff paid, or from what source he derived the money with which to pay, the usury mentioned in said plea. 2. Because it is immaterial if the money was applied by act of the parties to the payment of usurious interest; such offers no defense to plaintiff's suit. 3. Because the plea fails to show that the $1,200 note had been purged of usury; but on the

42

contrary admits there is usury in it; and the plea offers no defense to plaintiff's case. 4. Because the plea admits defendant received the usury and did not purge the note of usury, and fails to show that at the time defendant received the usury there was nothing due on the loan and the legal interest thereon."

To plea No. 12, in addition to the grounds interposed to the 6th plea, the plaintiff demurred upon the following grounds : "9. Because the plea fails to show any facts that prove or show that plaintiff has ever taken or received any penalty from defendant on account of the matters set forth in said plea. 11. Because the matters and things set forth in said plea show no bar or estoppel to plaintiff to maintain this suit, nor do such matters and things present any answer or defense to plaintiff's complaint. 12. Because plaintiff's complaint seeks no recovery of a penalty for interest not paid but only seeks to recover the penalty prescribed by law for usurious interest paid the defendant by this plaintiff in the transactions set out in the complaint. 13. Because the matters and things set forth in said plea are irrelevant and immaterial to the law or any issue presented by the law that controls the rights of the parties to this suit, and afford no defense to any lawful issue involved in this case."

To plea number 13, the plaintiff demurred upon the following grounds : "1. To said plea plaintiff assigns each and every ground of demurrer assigned to 6th, 8th and 12th pleas. 2. Because there is nothing shown in said plea nor the judgment mentioned therein that forfeited any interest by defendant to plaintiff. 3. Because illegal interest may have been embraced in said transaction affords no bar or estoppel to plaintiff to maintain this suit. 4. Because there is no law that provides any penalty from defendant to plaintiff because under the law defendant failed to recover illegal interest on said note."

Upon the hearing of the cause on the pleadings, the court rendered judgment sustaining the plaintiff's demurrer to pleas numbered 3, 6, 7, 8, 9, 10, 12 and 13. From this judgment the defendant appeals, and assigns as error the rulings of the court in sustaining the demurrer to each of the pleas.

[First National Bank v. Denson.]

AMOS E. GOODHUE and DORTCH & MARTIN, for appellant.—1. The contention on the part of the bank, appellant, is that the debtor, Denson, can not, when sued on his note, plead usury, and cause a forfeiture of the entire interest agreed to be paid, under the first clause of the statute, and thereafter recover also the additional penalty of twice the interest *paid*, under the second clause of the statute.

In an action like the present brought to recover that which is substantially a statutory penalty, the statute must receive a strict, that is, a literal construction. The defendant is not to be subjected to a penalty unless the words of the statute plainly impose it.—*Tiffany v. National Bank of Missouri*, 18 Wallace 410; *Scottish Mortgage Co. v. McBroom*, 30 Pac. Rep. 863. Until the debtor has paid the greater rate of interest stipulated for it is manifest that he cannot sue for the penalty for twice the interest paid. It is possible that obtaining judgment for the full amount is equivalent to payment. *McBroom v. Scottish Mortgage Co.*, 153 U. S. 320.

2. The statute means that the debtor has his election. He may either claim the penalty provided in the first clause of the act, the forfeiture of the entire interest, (and this he may do without paying the debt), or he may pay the debt (with the greater rate of interest included), or what perhaps is tantamount thereto,' may suffer judgment for the debt with the greater rate of interest included, and in that event he may sue for the penalty of twice the illegal interest paid. It is no answer to this contention to say that the debtor can not, when he pleads usury, recoup or set off usurious payments already made. For, if the forfeiture of the entire interest agreed to be paid, under the facts of any given case, does not afford entire relief, the debtor need not plead usury, but may suffer judgment, and then sue for the penalty. As the law holds out to him this option, he certainly can not complain that in his particular case the selection of the remedy for forfeiture of entire interest may not afford perfect relief.—*Barnet v. Nat. Bank*, 98 U. S. 558.

3. The doctrine laid down in the Federal Court is, that until the debtor has paid the debt and legal interest, there can be no payment of the greater rate of interest. Even in a case where the parties intended the payments

as payments of usurious interest, because the law says, that until this occurs, there is *locus penitentiae*, that is, the creditor may elect to apply all payments made to the debt and legal interest, and settle with the debtor on the basis of receiving only his debt and legal interest.— *Duncan v. First Nat. Bank of Mt. Pleasant*, 1 Thomp. Nat. Bank Cases, 362 ; *McBroom v. Scottish Investment Co.*, 153 U. S. 318 ; *Scottish Mortgage Co. v. McBroom*, 30 Pac. Rep. 863.

W. H. DENSON, *contra.*—1.   Whatever decisions may have been made, whatever conclusions may have been reached by the State courts in the construction and interpretation of the statute, yet as the statute is one peculiarly of Federal origin, and applies alone to national banks, creatures alone of Federal legislation, the decisions of the Federal courts must control in the construction and interpretation of this statute.—*Florence R. R. Co. v. Chase National Bank*, 106 Ala. 364 ; *F. & M. Nat. Bank v. Dearing*, 91 U. S. 29 ; *National Bank of Auburn v. Lewis*, 81 N. Y. 15.

2.   Payment of usurious interest does not of itself constitute a usurious transaction, other factors must intervene, and Congress undoubtedly had this in mind when it used the phrase *"usurious transaction."*   This distinction is made in the statute.   It says in substance, that in case the greater rate of interest has been paid, the person paying it may recover back twice the amount so paid, provided the action is commenced within two years from the time the *usurious transaction occurred.* This clearly shows that Congress did not mean that the mere payment of usury should constitute a usurious transaction.   Inasmuch as Congress has used the phrase, "the time the *usurious transaction occurred*," it is manifest that the legislative intent was, that the two years do not commence to run from the date of payment of usurious interest, because such payment does not of necessity constitute a usurious transaction.   Usurious interest is never collected or received, in cases like this under consideration, and hence such interest is never paid, until the lender has collected and received on his loan, more than the principal with the legal interest thereon.—*Duncan v. First Nat. Bank*, 2 Thomp. Nat.

Bank Cases, 360; *McBroom v. Scottish Invest. Co.*, 153 U. S. 328.

3. Under section 5198, Revised Statutes of the United States, two categories are presented, defined, and the consequences denounced. 1st. Where illegal interest has been knowingly stipulated for, but not paid. There only the sum lent without interest can be recovered. 2d. Where such illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt, or suit in the nature of such action against the offending bank. In a suit predicated upon the first category by the bank, the borrower, defendant, can not offset the amount named in the face of the note or other evidence of debt, the basis of the suit, by pleading the illegal or usurious interest that may have been paid on the transaction; but the remedy for such is by a suit to recover the penalty, a separate and independent suit, as prescribed by the statute, and such suit is the sole and exclusive remedy; but in such suit by the bank on the note, a plea of usury may be interposed to show a forfeiture of all interest which the note carries with it, or which has been agreed to be paid thereon, not the interest paid, but only the interest agreed to be paid, and the only recovery that can be had in such case is the face of the note, without interest; in the case under consideration, twelve hundred dollars, without any interest.—*Barnet v. National Bank*, 98 U. S. 555, 559; *Stephens v. Monongahela Bank*, 111 U. S. 197; *Driesbach v. National Bank*, 104 U. S. 52; *Farmers Nat. Bank v. Dearing*, 91 U. S. 29-37; *Higley v. Bank*, 20 Am. Rep. 759; *Bank v. Hoagland*, 7 Fed. Rep. 159-161; *Oates v. Bank*, 100 U. S. 239; *Nat. Bank v. Childs*, 133 Mass. 248; *Bank v. Stauffer*, 1 Fed. Rep. 187; 16 Am. & Eng. Encyc. of Law, 174, 175, 176, 177, 178.

4. The suit at bar is to recover the penalty for the receiving and taking usurious interest; the suit mentioned in the plea was to determine if the twelve thousand dollar note was tainted with usury. The suit for the penalty is under the second category of the statute, and the suit on the twelve hundred dollar note was in the first category as defined by the Supreme Court of the United States in the case of *Barnet v. National Bank*, 98 U. S. 555. The rights and remedies provided in the statute are not inconsistent, and may exist at one and the same

time, in one and the same person. There is quite a distinction between evidential matters, that is matters introduced in evidence, and matters in issue. The former are not necessary to uphold the judgment, and are not the matter or point adjudicated by the judgment, while the latter are.—21 Amer. & Eng. Encyc. of Law, 233 and notes; *McCalley v. Robinson*, 70 Ala. 432.

5. The defendant in this case, by filing the pleas of usury and obtaing favorable judgment thereon, did not elect to treat the payments of interest at the several times mentioned in the sixth plea as usurious transactions occurring at the times the several payments were made, and is, therefore, not estopped to say these transactions did not occur until the judgment was pronounced on 27th of January, 1896. The appellee merely paid the interest at the times mentioned in the plea. The mere payment of usury does not, of itself, constitute an usurious transaction. Usury is never collected or received until the lender receives more than the loan and legal interest thereon.—*McBroom v. Scottish Co.*, 153 U. S. 328. Until this occurs the lender has the *locus penitentiae* to apply all excessive interest over the legal rate, to lessening the principal, and thus purge the transaction of usury, and escape the penalty prescribed in the statute.—*Driesbach v. Bank*, 104 U. S. 52; Rev. Stat. U. S., § 5198; *Nat. Bank v. Plankinton*, 9 Amer. Rep. 456; *National Bank v. Davis*, 1 National Bank Cases (Thompson) 350; *Bosler v. Rheem*, 72 Pa. St. 54; *Browning v. Thompson*, 13 B. Monroe, 387–389; *Un.. Nat. Bank v. Fraser*, 63 Miss. 231; *Hewitt v. Dement*, 57 Ill. 500; 2 Morse on Bank., 1237; 27 Am. & Eng. Encyc. of Law, pp. 949, 950, 951, 957, 959, 963, 964, 967, 968; *Pickett v. Mer. Nat. Bank*, 32 Ark. 346; *Harris v. Bressler*, 10 N. E. Rep.; *Masterson v. Grubbs*, 70 Ala. 406; *Smith v. Glanton*, 19 Amer. Rep. 31–32.

McCLELLAN, J.—Section 5197 of the Revised Statutes of the United States authorizes national banks to charge and receive on loans, discounts, &c., &c., "interest at the rate allowed by the laws of the State, Territory or District where the bank is located, and no more." The succeeding section—5198—provides: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when know-

ingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action in debt, twice the amount of interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

The settled construction of the last clause of this statute in respect of its limitation of the time within which suit to recover back usury paid must be instituted, is that the "usurious transaction" occurs only when a greater amount than the principal with legal interest has been paid, or judgment has been taken for such greater amount; and hence that the time of the limitation does not begin to run until the creditor has received in the way of payment of principal and usurious interest a sum in excess of the principal and legal interest, or has taken judgment for such excessive sum. The theory upon which this construction proceeds is that the creditor primarily has an election to repent him of his usurious exaction, which may be made or evidenced by crediting all payments received, whether intended at the time they are made to be of usury or not, on the principal and legal interest; that so long as he has this *locus penitentiae* it is to be assumed that he will avail himself of the right it gives him to purge the transaction of illegality, and that of consequence it cannot be affirmed until the contrary election has been made by receiving more than the debt and legal interest, or taking judgment therefor, that he has received usurious interest, and until then the "usurious transaction" has not been consummated, and has not "occurred" within the meaning and intent of the statute. Thus in *Duncan v. First National Bank*, Thompson's National Bank Cases, 360, 362—an action for usury paid—decided by a federal district court, it is said: "From the origin of the loan, from the retaining of the first discount through all the renewals up to the time of the final payment of the principal, or up to the time of entering judgment, there is a *locus penitentiae* for the party taking the excessive interest. Any time till then he may consider the excessive interest

paid on account of the loan, and so apply it and lessen the principal. Up to that time he may make this election. When payment is actually made or judgment is entered for the face amount of the notes or full amount of the loan, or payment is taken in full without any reduction by taking out the excessive interest, the cause of action is complete. The original loans in these cases were more than two years before these actions were brought, but the payment of one of the Millinger notes was made, and the judgment on the other Millinger note and the judgments on the Duncan notes were entered, near the time of bringing these suits, less than two years before. The payment [of the one Millinger note] and the judgment [on the other Millinger and the Duncan notes] concluded the transaction, and determined their character to be usurious. Till that time it was undetermined, and the statute did not begin to run." This language is quoted with approval by the Supreme Court of the United States in *McBroom v. Scottish Investment Co.*, 153 U. S. 318, 328, where a like ruling was made in respect of a statute of New Mexico which was in substance the same as the federal statute quoted above in the respect under consideration. In that case the court uses this language: "The contract of loan not being void, except as to the excess of interest stipulated to be paid, the question arises whether the lender is liable to an action for the penalty prescribed by the statute, so long as the principal debt with legal interest, after deducting all payments, is unpaid. We are of opinion that this question must be answered in the negative.     *     *     *     The borrower has no cause of action until usurious interest has been actually collected or received from him. Such is the mandate of the statute. And interest can not be said to have been collected and received, in excess of what may be lawfully collected and received, until the lender has in fact—after giving credits for all payments—collected and received more than the sum loaned, with legal interest. Such, in our judgment, is the construction of the statute of New Mexico. In this view, the limitation of three years, within which the borrower may sue for double the amount of the usurious interest collected and received from him, does not commence to run, and, therefore, the cause of action does not accrue, until the lender

has actually collected or received more than the original debt with legal interest. These conclusions are supported by adjudged cases." (Citing and quoting from *Duncan v. Bank, supra*; *Stevens v. Lincoln*, 7 Met. 525; *Harvey v. Life Insurance Co.*, 60 Vt. 209, and *Wright v. Laing*, 3 B. & C. 165.)

The debtor obviously has nothing to do with the exercise of the creditor's option. He has no *locus penitentiæ*, no place nor time nor opportunity to repent of anything or to ratify anything. His payment of usurious interest as such is as clear a manifestation of a confirmation and consummation of the usurious transaction as is possible for him to make, and yet that has no such effect upon it. The institution of an action by him to recover back usurious interest so paid is an equally unequivocal assertion of a consummated usurious transaction, and yet it has no such effect; and his action, as in *McBroom's Case, supra*, will go out of court because prematurely instituted, because no cause of action had arisen, unless he shows that such with other payments exceed the principal of the loan and legal interest. Nothing, in short, that he can do or forego can hasten of impede the rounding out of the transaction into a consummated payment of usurious interest so long as he has not paid more than the debt and legal interest, or in the least clog or facilitate the unfettered election of the creditor to purge the payments of usury by crediting them upon the loan and interest. His plea of usury when sued for a balance of the principal and interest thereon is no more than an assertion than the *contract* is tainted with usury. It is much less an affirmation by him that usurious payments have been made than the payments themselves were, or than a suit to recover them back is. Indeed such plea does not at all assert that usurious payments have been made; that is not the gist of it at all; but its *gravamen* is that usury was *contracted to be* paid, and relief upon it, so far from involving an adjudication that usurious interest has been paid, is, to the contrary, an adjudication that no interest has been paid on the particular debt in suit. The interposition of such a plea in a suit on a past due renewal note for a part of the original loan has no effect upon the rights of the creditor-plaintiff to apply usurious interest previously paid on the loan as evidenced by the original, or intervening renewal, notes to

[First National Bank v. Denson.]

the principal and legal interest, and thus purge *such payments* of usury and forestall the possibility of the transaction, so far as the payments made were concerned, becoming an "usurious transaction" within the meaning of the statute.   •

The statute has two distinct members; it provides for two distinct classes of cases. We have been considering only its last clause. The exigencies of the case before us render it necessary to advert somewhat to the first clause and to consider the bearing it, or a defense of usury under it, has upon a case, growing out of the same loan, under the last clause. The effect and field of operation of each clause has been declared by the Supreme Court of the United States. That court, speaking by Justice SWAYNE, after quoting the section, said: "Two categories are thus defined, and the consequences denounced: 1. Where illegal interest has been knowingly stipulated but not paid; then only the sum lent without interest can be recovered. 2. Where such illegal interest has been paid; then twice the amount so paid can be recovered in a penal action of debt, or suit in the nature of such action, against the offending bank, brought by the persons paying the same or their legal representatives."—*Barnet v. National Bank*, 98 U. S. 555. In the first category, relief may be had from the payment of all interest, stipulated for *but not paid*, under a plea of usury, which proceeds solely upon the ground that usury has been *stipulated for*, that the *contract* is tainted with usury. In the second category relief can only be had in the penal action which the statute itself gives. Usurious interest paid cannot be set off against the principal in an action by the creditor to recover the balance of the loan.—*Barnet v. National Bank, supra*. Or, as stated in another case: "Usurious interest *paid* a national bank on renewing a series of notes cannot, in an action by the bank on the last of them, be applied in satisfaction of the principal of the debt."—*Driesbach v. National Bank*, 104 U. S. 52; *Stevens v. Monongahela Bank*, 111 U. S. 197; *Carter v. Carusi*, 112 U. S. 478. In the first category recovery is had "for the corruption of the *contract*;" in the second "for the corruption of *the payment*." The corruption of the contract depends in no degree upon the corruption of any payment, nor indeed upon the fact that any payment has been made.

A corrupt payment knowingly taken may, probably would, *prove* a corrupt contract; but in no case arising under the first clause of the statute is the court concerned with usurious payments made except evidentially: The fact of such payments having been made upon a given contract goes to show that the contract *stipulated* for such payments, and, hence, stipulated for usury; but nothing in such case is *adjudged* in respect of such payments, the plaintiff's recovery is not tolled by reference to them, the defendant's right to a forfeiture of unpaid interest is not based upon them. After such plea interposed, as we have seen, and even after the case has been developed before the jury, and the plea supported alone by evidence of such payments, the creditor-plaintiff may purge the *payments* of usury in the way we have stated, but that would not purge the *contract* of usury; it would still be a contract stipulating for the payment of usurious interest, and the defendant would still be entitled to a forfeiture of all unpaid interest. Since, therefore, the defense of usury to an action under the first category does not depend upon usurious payments made, and a judgment sustaining it is not based on the fact of such payments, but upon the stipulation of the contract of which such payments may be evidence; and since neither the sustaining of such plea nor any other possible judgment in such case can give the debtor any relief as to usurious payments already made, no ground can be conceived for holding such defendant estopped by such plea pleaded and sustained, as to that part of the stipulated interest remaining unpaid, to afterwards prosecute his action of debt under the statute for twice the amount of usurious interest which he had already paid. The plea goes to one thing, the action to another; and to sustain both is not to inflict a double penalty, but only to impose the penalty given by the statute for *stipulating* for usury which has not been paid, and also the independent penalty given by the statute for knowingly receiving usury whether stipulated for or not; and the debtor gets nothing under his plea which is recoverable in the action, and nothing in the action which he could take by his plea. To hold in a case like the one before us that such plea sustained defeats, by estoppel or otherwise, the action for usurious payments made, would be to say that if one defends property still left to him against the

illegal demands of another he thereby loses the right to reclaim other of his effects which that other had wrongfully deprived him of.

Upon the foregoing considerations, our conclusions are, that plaintiff's action is not barred by the limitation embraced in section 5198, Revised Statutes, and that his right to maintain it is not affected by the fact that he pleaded usury against the note for a balance of the original loan in the suit upon it by the bank, and upon such plea had judgment forfeiting the interest on that note. The rulings of the city court are in harmony with these conclusions, and its judgment upon the demurrers to defendant's pleas must be affirmed.

Affirmed.