173 So. 382

## FIRST NAT. BANK OF ONEONTA et al. v. LOWERY.

### 6 Div. 50.

Supreme Court of Alabama.
March 25, 1937.

58

J. T. Johnson, of Oneonta, for appellants.

Vasser L. Allen, of Birmingham, for appellee.

KNIGHT, Justice.

Bill for an accounting and discovery, filed by complainant, Street Lowery, against the First National Bank of Oneonta, and its president and cashier.

It appears from the averments of the bill, as last amended, that the complainant's business dealings with the First National Bank of Oneonta commenced in January 1921, and were continued uninterruptedly until a short time prior to the filing of the bill in this cause; that the complainant, in the beginning of his transaction with said bank, had an agreement with it by which the said bank would discount at the lawful rate of interest notes and mortgages brought to it by complainant if the respondent (bank) saw fit to accept such as were offered by the complainant; that under the above arrangement the respondent bank did receive from, and discounted for, the complainant numerous notes and mortgages, representing several hundred thousand dollars; that said notes and mortgages were indorsed by the complainant; and that many of the discounted notes have been, through the years, charg-

ed back to complainant on his account with said bank, the number and amounts being wholly unknown to the complainant, but known to the respondent bank.

It further appears that in the year 1931 the respondent bank required the complainant to deposit with it the sum of $2,500 "as a guaranty fund" to protect the bank against loss by reason of its discounting for complainant sundry notes and mortgages, to be available in the event the said notes and mortgages, or any of them, were not paid by the makers; and that complainant has not been given by the respondent bank, or its officials, any information as to what amounts have been charged against this trust fund; and that by discovery alone can this information or knowledge be acquired.

It further appears that the accounts are mutual and greatly complicated, involving hundreds of transactions; that the complainant kept no accurate account of said transactions, and that what accounts and records he did keep were destroyed by a fire which destroyed complainant's place of business in 1931; and that the records and books kept by the respondent bank are the only source of information available to show the true status of the accounts between the parties.

It also appears that the respondent bank, in violation of its agreement with the complainant, charged a discount rate in excess of the agreed rate of discount and complainant seeks credit upon its account for the excess.

The bill avers that complainant made two written requests, prior to the filing of the bill, upon the respondent for a statement of the transactions and accounts between complainant and the respondent, but no attention was given to the request, and no statement was furnished.

Paragraphs 6 and 9½ of the bill appear in the report of the case.

The respondents, each, demurred to the bill as amended, assigning many grounds of demurrer. These demurrers were overruled by the court, and this appeal followed.

■ As herefore noted, the bill seeks not only an accounting but also discovery, and its equity, therefore, must be determined by those rules which govern in cases where discovery, as well as an accounting, is sought. City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402.

■ In the case of Beggs v. Edison Electric Illuminating Co., 96 Ala. 295, 297, 11 So. 381, 382, 38 Am.St.Rep. 94, the observation is made: "Courts of equity have, for a long time, exercised a general jurisdiction in cases of mutual accounts founded in privity upon the ground of the inadequacy of the remedy afforded by the common law; and this equitable interposition has been extended until equity will now entertain suits for accounts in matters which were formerly only cognizable at law. The ancient common-law action of account being so imperfect in its processes, and so inadequate in its remedies, jurisdiction in such matters was originally given to equity, for the reason that the common-law courts could not give any remedy at all, or the remedy was not as complete as that furnished by the chancery court. As courts of equity now entertain concurrent jurisdiction with the courts of law, in matters of accounts, a decision as to the proper tribunal must be governed by considerations of convenience and adequacy; and this is determined by the facts pertaining to each individual cause of action and the relief sought."

■ It must be regarded as settled in this jurisdiction at least that when the accounts to be examined are on one side only, great complication ought to exist in the accounts, *or a discovery should be required* in order to induce a court of equity to take cognizance of the litigation.

■ The rule of our decisions on the subject of accounting is thus stated in the case of Ingram et al. v. People's Finance & Thrift Co., 226 Ala. 317, 146 So. 822, 823: "A bill for accounting states a case of equitable relief on facts showing a complicated nature of the account, or necessity, for discovery of matters peculiarly within the knowledge of respondent, or fiduciary or trust relationship, or species of fraud or such wrong dealing as would authorize a court of equity to take cognizance thereof."

This rule was later reaffirmed and applied in the case of City of Mobile v. McCown Oil Co., supra, which was a case, as here, for an accounting and discovery.

■ The averments of the bill in the instant case bring it within the rule above declared, and we have no hesitancy in holding that it contains equity. City of Mobile v. McCown Oil Co., supra; King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143; Julian v. Woolbert, 202 Ala. 530, 532,

60

81 So. 32; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186; Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 118 So. 513; Shelton v. Timmons, 189 Ala. 289, 66 So. 9.

The demurrer is also directed to that phase of the bill which seeks credits for all amounts charged by way of discounts in excess of the agreed discount rate, taking the point that, inasmuch as the respondent bank is a national banking institution, moneys paid by way of usurious interest cannot be recovered in a suit of this character.

We are of course familiar with the Federal Banking Law with reference to usury charged by a national bank (12 U.S.C.A. § 86), and are also aware that when usurious interest has been actually paid, the person making payment may, by action of debt brought within two years thereafter, recover twice the amount of interest paid, and that this remedy is exclusive. Jones v. Moore, 212 Ala. 248, 102 So. 200; First National Bank v. Denson, 115 Ala. 650, 22 So. 518; First National Bank v. Clark, 161 Ala. 497, 49 So. 807; Driesbach v. National Bank, 104 U. S. 52, 26 L.Ed. 658. However, there is no attempt in this case to charge the respondent bank with usury, and to have the usurious interest paid applied in reduction of complainant's debts to defendant bank, but the entire effort of the complainant, in this aspect of the bill, is to require the respondent bank to live up to its contract agreement to discount the notes and mortgages at the agreed rate.

It is one of the purposes of the bill to discover whether the discounts actually charged exceeded the contract rate, and to have the account stated according to contract. In this respect the respondents evidently misconceive the purpose of the bill. The question of usury is not presented by the bill in any of its aspects.

The conclusion here reached is that the bill as amended was sufficient in averment to present a case for equitable relief in each of its aspects, and was not subject to any of the grounds of demurrer assigned to it.

It follows, therefore, that the decree appealed from must be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.