196 So. 891

### LOWERY v. FIRST NAT. BANK OF ONEONTA et al.

### 6 Div. 612.

Supreme Court of Alabama.

June 6, 1940.

Rehearing Denied June 27, 1940.

Vassar L. Allen, of Birmingham, for appellant.

J. T. Johnson, of Oneonta, for appellees:

KNIGHT, Justice.

The bill in this cause was filed for an accounting and discovery against the First National Bank of Oneonta, Dr. J. S. Wittmeier and L. Q. Box, the last two named

691

defendants being the president and secretary, respectively, of the corporate defendant.

On former appeal in this case, First National Bank of Oneonta, et al. v. Street Lowery, 234 Ala. 56, 173 So. 382, we sustained the equity of the bill as one for an accounting and discovery.

On return of case to the Circuit Court of Blount County, the cause was heard upon the pleadings and proof, as noted by the register, and a decree was rendered denying complainant relief, and dismissing his bill. From this decree the complainant prosecutes the present appeal.

The record is voluminous; the evidence covering about three hundred pages of the transcript. It has all been carefully read and considered. A detailed discussion of the evidence would serve no useful purpose.

It is evident that the complainant's purpose is, as disclosed by his evidence, to recover, what he alleges, were excess interest charges on certain of his transactions with the respondent bank. The evidence shows that each of the transactions was a separate and distinct transaction, while all of them consisted of the discounting or purchasing of purchasers' notes taken by the complainant (some in his own name, some in the name of the Oneonta Chevrolet Company and some in the name of Street Lowery & Son, but all owned by said Street Lowery).

A careful reading and consideration of the evidence has brought us to the same conclusion reached by the trial court. We are of the opinion, and so hold, that the complainant has failed to make out a case entitling him to relief, and that the decree of the trial court was and is correct, and accomplishes justice between the parties.

If it should be conceded that in discounting some of the notes delivered to the respondent bank a rate of discount in excess of eight per cent per annum was charged, the discount charge was fully understood, and agreed to by the complainant. In such circumstances, the excessive charge would constitute usury. All of said notes were paid in full before this suit was instituted.

The transactions in this case were with a national bank. The penalties imposed upon a national bank for charging a higher rate of interest than allowed by the law of the state where located are fixed

692

by the Federal Banking Law. U.S.Rev. Stat. § 5198, 12 U.S.C.A. §§ 86, 94; Barnet v. Muncie National Bank, 98 U.S. 555, 25 L.Ed. 212; Florence Railroad & Imp. Co. v. Chase National Bank, 106 Ala. 364, 17 So. 720.

When usurious interest has been actually paid the person making payment may, by action of *debt brought within two years thereafter,* recover twice the amount of interest so paid. This remedy is exclusive as to interest actually paid. First National Bank of Oneonta et al. v. Lowery, supra; Jones v. Moore, 212 Ala. 248, 102 So. 200; First National Bank v. Denson, 115 Ala. 650, 22 So. 518; First National Bank v. Clark, 161 Ala. 497, 49 So. 807; Driesback v. Second National Bank, 104 U.S. 52, 26 L.Ed. 658.

However, we are not at all satisfied from the evidence that there were, in fact, excessive interest charges.

The charge made in the bill that the respondents had fraudulently destroyed bank records in order to embarrass or to defeat the complainant in the prosecution of a suit to recover amounts due complainant by the bank is not supported by the evidence. No records or memoranda were destroyed according to the great weight of the evidence until the respondents understood that all of the bank's dealings with the complainant had been satisfactorily closed.

It follows, therefore, that the decree of the court below is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.